Strafford, }
April 3, 1917. }

## WILLIAM S. PIERCE & a. v. HENRY D. YEATON & a.

The officers of a foreign manufacturing corporation doing business in this state, which fails to make the returns required of domestic corporations by P. S., c. 150, ss. 1, 13, 14, 16, and by P. S., c. 148, s. 21, as amended by Laws 1911, c. 159, s. 1, are not subject to the individual liability imposed upon the officers of domestic corporations.

ASSUMPSIT, being the same case reported *ante*, 171. After the former decision in the case, the plaintiffs filed an amendment, alleging in substance that the Winnipesaukee Company was a manufacturing corporation engaged in converting trees into sawed lumber at Alton, N. H.

The defendants' demurrer to the amended declaration was sustained at the September term, 1916, of the superior court, by *Branch*, J., who transferred the case upon the plaintiffs' exception to that ruling.

*Pierce & Galloway*, and *Mathews & Stevens* (*Mr. Pierce* orally), for the plaintiffs.

*Everett N. Crawford* (of Massachusetts), and *William J. Britton* (*Mr. Crawford* orally), for the defendants.

PEASLEE, J. Upon the former transfer of this case it did not in any way appear that the Winnipesaukee Company was a manufacturing corporation. The statute relied upon (P. S., c. 148, s. 21) applying only to such corporations, there was no occasion to then determine the meaning of the act. *Pierce* v. *Yeaton, ante*, 171. The amended declaration alleges that the company is a manufacturing corporation engaged in converting standing trees into sawed lumber. Upon this allegation the corporation is within the provisions of the act. *Conn. Valley Lumber Co.* v. *Monroe*, 71 N. H. 473, 475.

The statute was first enacted in 1889. Laws 1889, c. 101. It was omitted from the report of the commissioners in 1891 (Com'rs Rep., P. S., c. 147); but was included in the law as passed by the legislature in substantially its original form. Its terms do not suggest any intent to impose liability upon officers or stockholders,

and there is nothing of especial significance in its history. It simply provides that foreign manufacturing corporations doing business in this state shall "conform to the laws of the state as to returns and taxation." Had it been intended to impose a liability upon officers for failure to conform, it is fair to assume that such intention would have been expressed, rather than left to inference. A statement that "such corporations, their officers and stockholders, shall be subject to the liability imposed for the failure of domestic corporations to make returns," would manifest the intent now sought for in an act which is silent upon the subject. The lack of such provision tends to strengthen the argument that the only returns the legislature had in mind were those relating to taxation. It is not necessary to now decide that question; for, assuming that the intent was to include all returns, there is no expression of an intent to impose a liability upon officers or stockholders.

*Exception overruled.*

All concurred.