# Graves v. Jasper.

(Decided May 20, 1930.)

408

C. E. RANKIN for appellant.

W. H. PHILLIPS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

Frank Yankee, a resident of Mercer county, left a will which, omitting immaterial portions, reads as follows: "After all legal and just debts are paid, I will and bequeath to Mary Graves my step-daughter-in-law all what is left both real and personal to be her own and (do) as she wishes with during her life time. Should there be anything left at her death I want it to go to my people if they can be found." After the probate of the will, Mary Graves, the devisee, brought an action for the purpose of having the will construed. The lower court adjudged that the real estate described in the petition vested in Mary Graves for life with full power to sell, convey, and reinvest the same, and with like power of sale, conveyance, and reinvestment of any property wherein the fund is reinvested, and that no purchaser should be required to see to the reinvestment of any of the proceeds of the sale. On appeal it was held that Mary Graves took a life estate with power to encroach upon the corpus in case of necessity only upon application to the court, and the judgment was reversed on the cross-appeal for proceedings consistent with the opinion. Graves v. Jasper, 233 Ky. 388, 25 S. W. (2d) 1040.

On the return of the case the personal representative of Mary Graves filed an amended petition setting up her death and alleged that she left no estate of any kind other than the amount of the debt awarded her in the former opinion, and that she was indebted to certain persons or their assignees for necessities, including maintenance, physicians' bills, nurses, board, and necessary funeral expenses. A settlement of the estate was asked, and a determination of the rights of the creditors.

Florence Graves filed an answer, counterclaim, and cross-petition containing the following averments: Mary Graves became an invalid about July 1, 1928, and suffered from an incurable disease. She had no income except the rent of the real property. She was unable to work for a living and required the attention of physicians and nurses. Such services could not be rendered her while she lived in Mercer county. Thereupon Mary made a contract with Florence Graves whereby Florence agreed to take her to Frankfort, maintain and support her, which she did until March 4, 1930. Said services were absolutely necessary and were of the reasonable value of $1,140. She further pleaded that Dr. C. B. Van Arsdall had rendered to the decedent necessary medical services of the reasonable value of $128, that Dr. E. E. Underwood had rendered the decedent necessary medical services and treatment of the reasonable value of $130, and that Thomas K. Robb, a funeral director of Frankfort, Ky., had furnished the necessary casket and conducted her funeral, and that the reasonable value of such services was $240.65. She further alleged that the claims in favor of Dr. E. E. Underwood and Dr. C. B. Van Arsdall, and Thomas K. Robb, had been assigned to her, and that all these claims had been properly proven before the administrator. A demurrer was sustained to the answer, counterclaim, and cross-petition, and Florence Graves having declined to plead further, the pleading was dismissed. She appeals.

In our former opinion in Graves v. Jasper, supra, we were dealing particularly with the right of Mary Graves to dispose of the real estate and encroach upon the proceeds. We did not hold that she had no right whatever to encroach upon the corpus for her living necessities, but made it plain that this could be done only by permission of court. We think the rule applicable to the facts here presented is that, where the claims asserted against the corpus are such as the court would have authorized in the first instance, they may on the application of the devisee, or of the persons performing the services, if she be dead, be approved by the court and paid out of the corpus. Here the devisee was an invalid and unable to take care of herself. According to the answer, counterclaim, and cross-petition, the services were for board, nursing, and medical attention, and were necessary for her comfortable maintenance and

support. If that be true, they should be allowed and paid out of the estate. In announcing this rule we must not be understood as holding that any contract for board, nursing, or medical attention that the devisee may make is binding on the estate. All that we hold is that such services, if necessary, should be paid for, and then only to the extent of their reasonable value.

We find no authority for holding that the funeral expenses of the devisee having an estate for life, with the right by permission of court to encroach upon the corpus for her living necessities, may be paid out of the corpus of the estate. It hardly can be said that they fall under the category of things necessary for her support and maintenance.

To the extent that the answer, counterclaim, and cross-petition seeks a recovery for board, nursing, and medical attention, the demurrer should be overruled. With respect to the item for funeral expenses the demurrer was properly sustained.

Wherefore, the judgment is affirmed in part, and reversed in part, and cause remanded for proceedings consistent with this opinion.