Merrimack,
May 5, 1936.

JOHN F. BEEDE *v.* KENNETH R. FOSTER.

(RICHARD B. TAYLOR, *doing business as McLane & Taylor, Claimant.*)

*Foster & Lake* and *Gordon S. Lord* (*Mr. Lord* orally), for the plaintiff.

*McLane, Davis & Carleton* (*Mr. William L. Phinney* orally), for the claimant.

BRANCH, J. The plaintiff contends that his oral agreements to see that the rent was paid to the claimant constituted "a special promise to answer for the debt . . . of another" which, in the absence of a memorandum in writing, is unenforceable under the second section of the statute of frauds. P. L., c. 327, s. 2. The parties are in agreement as to the test by which the soundness of this contention shall be judged, which is well settled by the former decisions of this court.

"Whenever the main purpose and object of the promisor is not to answer for another, but to subserve some pecuniary or business purpose of his own involving either a benefit to himself or damage to the other contracting party, his promise is not within the statute." *Wills* v. *Cutler*, 61 N. H. 405, 409.

"The distinction is between a promise the object of which is to promote the interest of another, and one in which the object is to promote the interest of the party making the promise. The former is within the operation of the Statute, the latter is unaffected by it." *Janvrin* v. *Powers*, 79 N. H. 44, 46; *Machinist* v. *Green*, 79 N. H. 366, 367. To the same effect are *Riley* v. *Bank*, 86 N. H. 329; *Lang* v. *Henry*, 54 N. H. 57, 61; *Britton* v. *Angier*, 48 N. H. 420; *Robinson* v. *Gilman*, 43 N. H. 485; *Allen* v. *Thompson*, 10 N. H. 32. This is in accordance with the general rule prevailing in this country, which has been stated as follows:

"Where the consideration for a promise that all or part of a previously existing duty of a third person to the promisee shall be satisfied is in fact or apparently desired by the promisor mainly for his own pecuniary or business advantage, rather than in order to benefit the third person, the promise is not within" the statute "unless the consideration is merely a premium for the promisor's insurance that the duty shall be discharged." Am. Law Inst. Restatement of Contracts, s. 184; 2 Williston, Contracts (Rev. ed.) s. 472.

Judged by this test, both the ruling of the master and the order of the court were correct. The finding of the master that "Beede had a personal interest in seeing to it that the apples were properly stored and cared for by reason of his loan to Foster for which the apples were his only security and also by reason of his undertaking to assist in disposing of the apples," is decisive of the case. From this finding it is plain that the main purpose of the plaintiff in making the promises

above referred to was "to subserve some pecuniary or business purpose of his own." *Wills* v. *Cutler, supra.* Consequently his agreement is not within the statute.

*Exception overruled.*

All concurred.