Hillsborough,
Feb. 3, 1953. } No. 4146.

CURTIS MANUFACTURING AND ASBESTOS COMPANY

*v.*

W. D. BATES CONSTRUCTION CO., INC.

*Hamblett, Moran & Hamblett* and *Irvin M. Davis* of Massachusetts (*Mr. Moran* orally), for the plaintiff.

*Karl E. Dowd* (by brief and orally), for the defendant.

DUNCAN, J.   The defendant's exception to the denial of its motion for a directed verdict raises the question of whether there was any evidence to sustain the verdict, and if so whether the verdict could properly be reached upon the evidence.   *Bennett* v. *Larose,* 82 N. H. 443, 445.   The statement submitted by the plaintiff to Dolan Company under date of December 20, 1948, indicated that it had then furnished labor and materials of a value of approximately $9,000.   Shortly thereafter it learned from the defendant of the Dolan Company's insolvency, and received assurances that the defendant would "foot" the bills.   Statements thereafter submitted were directed to the defendant rather than to Dolan Company. The payments received by the plaintiff were all made by the defendant, and aggregated more than $10,000.   The plaintiff carried no account for Dolan Company upon its books, but upon completion of its work in April, 1949, charged the entire account upon its records to the defendant.   The defendant's president testified that the claim which it proved in the Dolan bankruptcy proceedings included the amount which the plaintiff now seeks to recover.   The finding that the work done by the plaintiff in 1949 in performance of its contract was in reliance upon the defendant's promise to pay was warranted by the evidence.

The defendant contends that it is nevertheless under no liability because the alleged undertaking was not in writing (R. L., c. 383, s. 2), was without consideration, and because no novation was established.

"From the evidence . . . it could be found that the plaintiff furnished the materials upon the credit of the defendant, and that the defendant's promise was an original and not a collateral undertaking, and therefore not within the statute of frauds." *Janvrin* v. *Powers,* 79 N. H. 44, 46.

The fact that no novation was entered into, releasing the Dolan Company of its contractual rights and obligations (see *Staples* v. *Davis*, 75 N. H. 383), does not affect the plaintiff's rights, since the defendant's promise was made to assure receipt of the benefits for which the promise was exchanged. *Janvrin* v. *Powers, supra; Beede* v. *Foster*, 88 N. H. 131. The indebtedness which arose prior to the defendant's promise was paid by it voluntarily. The balance which it declined to pay could be found to have arisen out of materials and labor furnished in reliance upon the promise.

The consideration for the defendant's offer or promise to pay was the furnishing of the labor and materials. If the defendant had a right by reason of the contract between the plaintiff and Dolan Company to have them furnished at the latter's expense, the defendant surrendered that right by promising to pay the plaintiff. See *Watkins* v. *Carrig*, 91 N. H. 459, 463. Similarly if the plaintiff's contract with Dolan Company required it to furnish the labor and materials, its waiver of any excuse for nonperformance arising out of the insolvency of the company (Restatement, Contracts, s. 287), and the furnishing of the labor and materials in response to the defendant's offer to pay, constituted consideration for the defendant's undertaking. The motion for a directed verdict was properly denied.

The exception to the denial of the motion to set aside the verdict presents no additional issue which discloses any error. See *Condiles* v. *Waumbec Mills*, 95 N. H. 127.

*Judgment on the verdict.*

All concurred.