Strafford,
No. 4941.

GEORGE E. QUINN *v.* GUY A. TUTTLE, *Adm'r.*

Argued October 3, 1961.

Decided January 29, 1962.

*Walter A. Calderwood* and *Louis H. Silverman* (*Mr. Silverman* orally), for the plaintiff.

*Harold E. Wescott* and *Peter V. Millham* (*Mr. Millham* orally), for the defendant Guy A. Tuttle, administrator d/b/n, c/t/a, estate of Allison E. Tuttle.

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the defendants Ada Downing and Maurice Bennett.

KENISON, C. J.  The decedent Lulu V. Tuttle had a life estate with the power to consume the principal or income of the residue of the estate of her husband Allison E. Tuttle.  Lulu's interest was more than a conventional life estate but less than an absolute fee simple interest.  *Eaton* v. *Straw*, 18 N. H. 320; *McPhee* v. *Colburn*, 98 N. H. 406, 410; *In re Gile Estate*, 95 N. H. 270.  Lulu had authority to consume, use, convey or mortgage the residue of her husband's estate (*Lord* v. *Roberts*, 84 N. H. 517) but she did not exercise these powers or attempt to exercise them prior to her death.  According to the great weight of authority if the donee of a general power does not exercise the power his creditors cannot reach the property.  5 American Law of Property (Casner *ed.* 1952) s. 23.17; Restatement, Property, s. 327.  Lulu's power to consume the residue of her husband's estate was not available to the plaintiff or other creditors in the absence of any exercise of her rights prior to her death.  Note, The Power to Consume, 36 N. Y. U. L. Rev. 218, 221, 227 (1961); *Grant* v. *Nelson*, 100 N. H. 220, 222; Annot. 17 A.L.R. 2d 7.

The conception that the donee of a general power of appointment or a life tenant with the power to consume is immune to the claim of creditors unless the power is exercised has prompted some jurisdictions to alleviate the situation by statute.  5 American Law of Property (Casner *ed.* 1952) s. 23.17.  New Hampshire has no such statute.  3 Powell, Real Property, s. 390 (1952).  In the absence of such a statute creditors cannot reach the life tenant's interest where the life tenant has not exercised the right to consume or the power to appoint.  Simes & Smith, The Law of Future Interests (2d *ed.* 1956) s. 944.  Occasionally a creditor of a life tenant with power to consume the principal for support has been held entitled to reach unappointed property but these cases are not very sure-footed, and their rationale is not too clear.  *Graves* v. *Jasper*, 234 Ky. 407; *Hipple's Estate*, 30 Pa. Dist. 378; *Hoskin* v. *West*, 226 Iowa 612, noted in 53 Harv. L. Rev. 147 (1939).  Moreover, it does not appear that these decisions have been followed

4

and there is no indication that they constitute an adequate substitute for a statutory remedy. See Berger, The General Power of Appointment as an Interest in Property, 40 Neb. L. Rev. 104, 128 (1960): "State statutory reform is necessary and advisable in the field of powers of appointment in order to make the rules concerning them conform more with salutary policies of the law which create burdens upon ownership."

The Trial Court correctly dismissed the plaintiff's bill in equity against the estate of Allison E. Tuttle since Lulu's bill for medical services was a valid claim only against her estate. *Fiske* v. *Warner*, 99 N. H. 236. This makes it unnecessary to determine whether the claim was filed in time. RSA 556:3, 28.

The claim against the son and daughter of Lulu by a former marriage stands on no better footing. Their statement, as alleged by the pleadings, that Lulu had a substantial estate could not be deemed to be deceitful or a negligent representation. Laymen are not expected to know the legal labyrinth and the legerdemain which distinguishes a life estate with the power to consume from a fee simple interest. Leach & Logan, Future Interests and Estate Planning, ch. 16 (1961). It would be natural for the layman to understand that Lulu had a substantial estate and the inventory filed by the defendant administrator indicated that it had been an estate in assets of substantial value.

Breach of the alleged promise to pay if the estate did not could subject the defendants to no liability. As a promise to pay the debt of another it was unenforceable under the statute of frauds. RSA 506:2. It was likewise unenforceable as an independent undertaking, since it was unsupported by consideration moving to the defendants who derived no economic or pecuniary benefit from the plaintiff's forbearance to enforce his claim during Lulu's lifetime. *Beede* v. *Foster*, 88 N. H. 131.

Since the claim was not against the husband's estate, which was not liable for the medical bills, it cannot successfully be contended that the plaintiff was prejudiced or damaged because he withheld action against that estate in reliance upon the defendants' assurances. Accordingly, the dismissal of the bill in equity as against the son and daughter by a former marriage was proper.

*Exceptions overruled.*

All concurred.