Hillsborough
No. 6519

JOHN A. CONNARE, INC. v. JOSEPH H. GRAY

SAME v. JOSEPH E. GRAY

March 29, 1973

*Thornton & Thornton* for the plaintiff, filed no brief.

*Wescott, Millham & Dyer (Mr. Gary P. Westergren* orally) for the defendants.

GRIFFITH, J.   These are actions to recover from the individual defendants the balance due on certain goods sold to the Plymouth Tire Co., Inc. A companion action against the Plymouth Tire Co., Inc. resulted in a verdict for the plaintiff in the amount of $15,304.91 and defendant's appeal in that case has been abandoned. The Trial Court (*Loughlin,* J.) made certain findings of fact including one that both individual defendants had made oral promises to pay the corporate debt. The court transferred without ruling the question whether the Statute of Frauds (RSA 506:2) barred recovery by the plaintiff in both cases. Depending upon the answer to that question there will be either a verdict for both defendants or a verdict for the plaintiff against both defendants in the same amount as the verdict against the corporate defendant.

The defendants accept the findings of fact of the trial court. They claim however, that the oral promises the court found the defendants made to pay the Plymouth Company debt are unenforceable as promises not in writing "to answer for the debt, default or miscarriage of another." RSA 506:2.

The trial court found that between May 27, 1969, and February 28, 1970, Plymouth Tire Co., Inc. made purchases from the plaintiff with a resulting debt of $14,228.92. During this period the corporate defendant paid the plaintiff

$18,253.37 on account of merchandise purchased. Both individual defendants orally promised the plaintiff to assume and pay the debts of the corporate defendant but refused to sign a written memorandum to that effect. Subsequent to these oral promises plaintiff brought a suit for the debt against the corporate defendant alone. This suit was not entered and in November 1970, plaintiff brought actions for the corporate debt against the corporate defendant, the defendants here, and two other defendants. The court found all shipments were made to the corporate defendant, all bills were submitted to the corporate defendant and all payments on account were made by the corporate defendant. The court made no finding that defendants received any benefit or consideration for their oral promises.

The findings here require the ruling that the plaintiff looked to the corporate defendant as its debtor and seeks to hold the individual defendants on an oral promise "to answer for the debt, default or miscarriage" of the corporate defendant. The plaintiff is barred by the Statute since under any recognized test the defendants' promises come within its provisions. *Quinn v. Tuttle*, 104 N.H. 1, 177 A.2d 391 (1962); *Beede v. Foster*, 88 N.H. 131, 185 A. 168 (1936); *Curtis Mfg. &c. Co. v. Company*, 98 N.H. 48, 94 A.2d 550 (1953); 3 Williston, Contracts § 462 (3d ed. 1959); Restatement of Contracts § 180 (1932); Restatement of Contracts, N.H. Annot. §§ 180, 184 (1936). Indeed in the absence of a finding of any consideration for the promises of the defendants it is difficult to see how they would be enforceable whether oral or written. *See* 3 Williston, Contracts § 472 (3d ed. 1959); 2 Corbin, Contracts § 351 (1960).

*Judgment for defendant in each case.*

All concurred.