533 P.2d 537

**Howard NORMAN, Appellant,**

v.

**Joe DEL ELIA et al., Appellees.**

**No. 11702.**

Supreme Court of Arizona, In Division.

March 24, 1975.

Filler, Paytas, Shannon, Fleming & Stephenson, P. C. by Harold C. Stephenson, Phoenix, for appellant.

Lewis & Roca by Paul Ulrich and I. Jerome Hirsch, Phoenix, for appellees.

HAYS, Justice.

Jurisdiction of this case was taken pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

The plaintiff, a certified public accountant, filed a complaint against Joe Del Elia, Lorraine B. Del Elia, his wife, Del Elia Consultants, Inc., Eecolite Barricade Co., and Delcor, Inc. The complaint alleged that the defendant Del Elia had contracted with the plaintiff to perform accounting services for the previously named corporate entities. It further alleged that although the work was performed on the books and accounts of the corporations named, the work was performed at the request of Del Elia or on behalf of Del Elia and the community. The plaintiff further alleged that the named corporations were owned and controlled by the Del Elias and that they were alter egos of the corporate defendants.

The defendants filed an answer and counterclaim asserting that accounting services had been performed for the corporate defendants and the charges therefor were the responsibility of the corporations, not the individual defendants. It was alleged that some of the charges asserted in the complaint were incorrect and that no services had been performed for Delcor, Inc. The answer also pointed out the fact that previously the billings for services were directed to the corporations and had in the past been paid by them. Accounting services rendered by the plaintiff to the Del Elias, individually, it was alleged, had been paid.

The case went to trial before a jury. Prior to the jury verdict, the court directed a verdict for the Del Elias as to the claims for services to the corporations. The jury was given interrogatories for the purpose of determining the amounts owed by the corporate defendants. They awarded the plaintiff $1,066.00 against Del Elia Consultants, Inc.; $4,800.10 against Eecolite Barricade Company; and $3,217.00 against Delcor, Inc. Formal written judgment was signed by the court in conformity with the interrogatories returned by the jury.

The plaintiff filed his notice of appeal, appealing from all of the judgment, except the parts thereof which reflect findings of fact by the jury as to amounts owed by the enumerated corporate defendants.

In this appeal, the plaintiff presents five questions. First, he asserts that the evidence shows at least a prima facie case establishing a contract between plaintiff and Del Elia for the performance of accounting services for the various corporations which required the court to submit the issue to the jury. With this proposition we do not agree. There is *no* evidence that Del Elia personally obligated

himself to the plaintiff in the performance of services for the various corporations. Nor, from the facts presented, can we find such relationship implied.

The plaintiff next contends that the trial court committed error in refusing to admit exhibits 11, 12, 13, 14, and 16 in evidence. In general, it can be said that each of these exhibits was cumulative and merely supportive of other evidence which had been presented by testimony. Since the court directed a verdict for the Del Elias, error could be found in this ruling only if the exhibit interjected some additional evidence which should have changed this result. In examining the contents of each exhibit, we find nothing which accomplishes this.

■ Exhibit 11 was a copy of a deed and escrow statement indicating that Del Elia Consultants sold the Del Elia home which was in the corporate name. It was apparent that the plaintiff was by this transaction attempting to show irregularities by defendant Del Elia in the handling of the corporation. By this device he hoped to support his alter ego theory discussed later in this opinion. The testimony showed that the grantee of the deed was Del Elia's brother-in-law, but the books of the corporation reflect an appropriate reduction in the amount owed by the corporation to Del Elia. We note also that exhibit 11 was not listed in the pretrial statement nor was it exchanged with opposing counsel prior to trial. Rule 6, Uniform Rules of Practice of the Superior Court, 17A A.R.S. The failure to comply with the rule was alone sufficient basis for the court to refuse to admit the exhibit.

Exhibits 12 and 14 are annual reports of Del Elia Consultants, Inc., and Delcor, Inc., respectively. They are cumulative and could have no effect on the court's ruling as to the Del Elias.

■ Exhibit 13, which was Del Elia's personal resumé, was immaterial to any of the facts required to be proved by the plaintiff.

Exhibit 16 was inadmissible because no proper foundation had been laid nor was it listed on the pretrial statement. Rule 6, Rules of Practice of the Superior Court, *supra.*

■ Another issue raised by plaintiff concerns the contention that the Del Elias were alter egos of one or more of the corporations. The Arizona law with regard to piercing the corporate veil is well stated in Employer's Liab. Assurance Corp. v. Lunt, 82 Ariz. 320, 323; 313 P.2d 393, 395 (1957).

"The corporate fiction will, however, be disregarded upon the concurrence of two circumstances; that is, when the corporation is, in fact, the alter ego of one or a few individuals and when the observance of the corporate form would sanction a fraud or promote injustice. [citations omitted]"

Although the evidence indicates that the defendant corporations maintained their separate corporate identities, there is other evidence indicating that on occasion the defendant Del Elia failed to secure the necessary authority or approval of his acts by the Board of Directors or stockholders. This at least would present a question of fact for the jury except that we find no evidence of a fraud or injustice here.

■ Plaintiff further contends that because Eecolite and Delcor were corporations not authorized to do business in Arizona, and they were in fact doing business in Arizona by entering into the accounting services agreements, such agreements are void pursuant to A.R.S. § 10–481 and A.R.S. § 10–482. He further argues that since the accounting service agreements are void, the Del Elias, as officers, directors and shareholders are personally liable for the services.

The defendants vigorously oppose the consideration of this issue on the grounds that it was not presented to the trial court as an issue until instructions were requested at the close of the case. Since we find no merit to the plaintiff's claim, we need not meet this point. The plaintiff cites National Union Indem. Co. v. Bruce Bros., Inc., 44 Ariz. 454, 38 P.2d 648 (1934), but we find little support for his position in that case. There the Arizona Supreme Court said:

"It will be seen from these cases that we have held an isolated act of business done or contract entered into in Arizona does not bring the foreign corporation within the statute, and that to come within it 'a corporation must be engaged in an enterprise of some permanence and durability, and must transact within the state some substantial part of its ordinary business, and not merely a single act.'" 44 Ariz. at 462, 38 P.2d at 652.

The evidence reflects that in addition to the contracting for accounting services, certain printing work was ordered in Arizona, but there was nothing done which could be characterized as "some substantial part of its ordinary business." There was no basis for requiring the trial court to submit this issue to the jury.

The defendants have devoted a portion of their brief to a cross-question asserting that plaintiff's appeal should not be considered on the merits because plaintiff has attempted to retain the benefits of the alternative judgment. They further contend that the claims asserted by plaintiff against the Del Elias and against the corporations are inconsistent or mutually exclusive. In effect, defendants say that plaintiff cannot have his cake and eat it too. This poses some interesting questions, but having decided the case on the merits we need not respond to the cross-question.

Affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.