ASHLAND LUMBER COMPANY, INC.

v.

CURT HAYES

May 31, 1979

*William J. Deachman III*, of Plymouth, for the plaintiff.

*Ray, Hopkins & DeHart*, of Plymouth (*William H. Hopkins* orally), for the defendant.

DOUGLAS, J.   This case requires us to determine whether the defendant, Curt Hayes, a stockholder and officer of a dissolved corporation, is personally liable for certain materials furnished to the corporation by the plaintiff, Ashland Lumber Company, Inc. Trial by a Master (*Michael L. Slive*, Esq.) resulted in a verdict for the plaintiff against the defendant personally in the amount of $3,013.51. The defendant filed a bill of exceptions and a motion to set aside the master's report on the grounds that the report was contrary to the evidence and the law. The Superior Court (*Johnson*, J.) denied the defendant's motion and reserved and transferred the case to this court.

The defendant was a contractor doing business as a sole proprietor when he first purchased materials from plaintiff's predecessor, also a sole proprietorship. Ashland Lumber Company, Inc., incorporated in 1970 or 1971; the defendant incorporated in October 1972. The defend-

ant notified the plaintiff that he had incorporated. Thereafter the plaintiff sent invoices to "Curt Hayes," "Curt Hayes, Inc.," and "Curt Hayes Construction." The defendant paid with checks imprinted "Curt Hayes, Inc." The debts that are the subject of this lawsuit were incurred after both parties incorporated.

The master found that there was an express or implied contract by which Hayes was personally obligated to pay for goods purchased when he first began to do business with the plaintiff, and that the contract should be interpreted so as to honor the intentions of the parties at the time the contract was made. He therefore ruled that "[t]he fact that Mr. Hayes subsequently incorporated . . . [did] not relieve him of personal liability especially when he failed to inform the plaintiff that he no longer considered himself personally liable."

[redacted] The master's ruling is incorrect. "[O]ne of the desirable and legitimate attributes of the corporate form of doing business is the limitation of the liability of the owners to the extent of their investment." *Peter R. Previte, Inc. v. McAllister Florists, Inc.*, 113 N.H. 579, 582, 311 A.2d 121, 123 (1973). Although we have "not hesitated to disregard the fiction of the corporation as being independent of those who are associated with it as stockholders," *id.* at 581, 311 A.2d at 123, this case lacks sufficient evidence to permit piercing the corporate veil. As in the *Previte* case, there is no evidence here of fraudulent conveyance and it is "not claimed that [defendant] suppressed the fact of [his] incorporation or misled the plaintiff as to the corporate assets." *Id.* at 582, 311 A.2d at 123; *cf. Stephenson v. Stephenson*, 111 N.H. 189, 194, 278 A.2d 351, 355 (1971) (granting plaintiff-wife's bill in equity to set aside conveyance by defendant-husband's wholly owned corporation). In fact he notified the plaintiff of his incorporation.

[redacted] Of course, a corporate officer such as the defendant "may make himself personally liable . . . for a corporate debt by an express agreement, provided the agreement is supported by valuable consideration." 3A W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 1119 (perm. ed. 1975). In *John A. Connare, Inc. v. Gray*, 113 N.H. 125, 126, 302 A.2d 813, 814 (1973), we held that where individual defendants orally promised to assume the debts of the corporation but refused to sign a written memorandum to that effect, the statute of frauds barred recovery by the creditor. Thus, even if there was an *express* oral promise by the defendant to pay the debts of the corporation, the plaintiff cannot recover because the defendant did not execute a written and signed agreement. RSA 506:2. Further, the record indicates that the plaintiff neither requested a personal

guarantee from the defendant nor made such a personal guarantee a condition for extending credit to the defendant's corporation. The fact that the defendant never stated that he was *not* personally liable is irrelevant; in the absence of an express written guarantee, he is not personally liable. *John A. Connare, Inc. v. Gray supra.*

*Exceptions sustained; judgment for the defendant.*

All concurred.