Merrimack
No. 79-261

## THE VILLAGE PRESS, INC.

v.

## STEPHEN EDWARD COMPANY, INC. & a.

June 25, 1980

*Frederic T. Greenhalge*, of Concord, by brief and orally, for the plaintiff.

*Gerald R. Prunier*, of Nashua, by brief and orally, for the defendant, Stephen E. Blum.

BROCK, J.  The sole issue for our consideration in this case is whether sufficient evidence was presented at trial to hold Stephen E. Blum personally liable for the debts of two corporations which he controlled. We hold that the evidence was insufficient and set aside the verdict entered against Blum, individually.

In November 1976, the plaintiff negotiated with Stephen Blum, as agent for the Stephen Edward Co., Inc., to prepare mail order catalogues for Pridecraft, Inc. Stephen Blum controlled both the Stephen Edward Company and Pridecraft. The parties exchanged correspondence and entered into an agreement whereby the plaintiff would print the Pridecraft catalogues and bill Stephen Edward Company, Inc. Plaintiff delivered the catalogues, but due to a dispute over their quality, neither corporation tendered payment. Plaintiff then brought this action, and after trial the Master (*Robert A. Carignan*, Esq.) recommended a verdict for the plaintiff against both corporations and Stephen Blum, individually. The Superior Court (*Johnson*, J.) approved the master's recommendation and reserved and transferred defendant Blum's exceptions.

No evidence was presented at trial that indicated that Blum suppressed the fact that his businesses were incorporated. In fact, the exhibits show that the defendant mailed all of his correspondence on letterheads of the Stephen Edward Co., Inc. and signed them "Stephen Blum, President." Plaintiff, in turn, sent its correspondence to Stephen Blum at the Stephen Edward Company. Moreover, no evidence was offered that Blum ever made

any agreement to hold himself personally responsible for his corporations' debts. *See Ashland Lumber Co. v. Hayes*, 119 N.H. 440, 402 A.2d 201 (1979).

Plaintiff argues that Blum personally controlled the corporations, making them, in effect, his *alter egos*. Plaintiff concludes therefrom that Blum is personally liable for their debts. Under the *alter ego* doctrine, however, piercing the corporate veil is not permitted solely because a corporation is a one-man operation. *Farmers Feed & Supply Co. v. United States*, 267 F. Supp. 72, 78 (N.D. Iowa 1967); *IZE Nantan Bagowa, Ltd. v. Scalia*, 118 Ariz. 439, 577 P.2d 725 (Ct. App. 1978). Similarly, the fact that one person controls two corporations is not sufficient to make the two corporations and the controlling stockholder the same person under the law. *Waff Bros., Inc. v. Bank of N.C., N.A.*, 289 N.C. 198, 221 S.E.2d 273 (1976).

In order to avail itself of the benefits of the *alter ego* doctrine, thereby piercing the corporate veil, the plaintiff must establish that the corporate entity was used to promote an injustice or fraud. *Quarles v. Fuqua Industries, Inc.*, 504 F.2d 1358 (10th Cir. 1974); *Norman v. Del Elia*, 111 Ariz. 480, 533 P.2d 537 (1975); *Kahili, Inc. v. Yamamoto*, 54 Hawaii 267, 506 P.2d 9 (1973); *Rosebud Corp. v. Boggio*, 39 Colo. App. 84, 88, 561 P.2d 367, 371 (1977). In determining whether it is appropriate to apply the *alter ego* doctrine, other courts have inquired whether the corporation is undercapitalized, *IZE Nantan Bagowa, Ltd. v. Scalia supra; Harris v. Curtis*, 87 Cal. Rptr. 614, 8 C.A.3d 837 (1970), and whether the stockholder is using the corporation to further his own private business rather than that of the corporation. *House of Koscot Dev. Corp. v. American Line Cosmetics, Inc.*, 468 F.2d 64 (5th Cir. 1972); *Holahan v. Henderson*, 277 F. Supp. 890 (W.D. La. 1967), *aff'd* 394 F.2d 177, *cert. denied*, 393 U.S. 848 (1968); *Kirk v. H.G.P. Corp.*, 208 Kan. 777, 494 P.2d 1087 (1972).

Our review of the trial transcript reveals that the plaintiff offered no evidence which tended to show that Stephen Blum used the corporate entity to promote his own personal business. Nor did plaintiff offer any evidence concerning the capitalization or solvency of the two corporations. Plaintiff's only evidence was that its agents, who were aware of the existence of the corporations, dealt with the corporations through the defendant Stephen Blum.

While we are not hesitant to disregard the corporate fiction, *Ashland Lumber Company, Inc. v. Hayes*, 119 N.H. 440, 402 A.2d

201 (1979); *Peter R. Previte, Inc. v. McAllister Florist, Inc.,* 113 N.H. 579, 581, 311 A.2d 121, 123 (1973), we will not do so solely on the basis that a corporation is a one-man operation if there is no proof that the defendant conveyed property fraudulently, that he "suppressed the fact of [his] incorporation or [that he] misled the plaintiff as to the corporate assets." *Ashland Lumber Company, supra* at 441, 402 A.2d at 202, *quoting Peter R. Previte, Inc., supra* at 582, 311 A.2d at 123.

> *Exceptions sustained; judgment against the defendant Stephen Blum vacated.*

All concurred.