ZENANE, INC.

v.

R. TONIS TOFER, d/b/a
OVERSEAS EXPORT CONSULTING, INC.

October 30, 1985

*Boyer P.A.*, of Nashua (*Richard E. Boyer* on the brief), by brief for the plaintiff.

*Malloy & Sullivan*, of Manchester (*Donald A. Kennedy* on the brief), by brief for the defendant.

MEMORANDUM OPINION

The Superior Court (*Dunn*, J.) dismissed this contract action on the alternative grounds that the defendant was not personally liable and that the plaintiff had failed to serve the named corporation in accordance with the long-arm statute governing service on unregistered foreign corporations, RSA 293-A:121, :122 (Supp. 1983). We affirm for the reason that the action was brought against the individual defendant, who was not liable for the corporate debt alleged.

R. Tonis Tofer is president of Overseas Export Consulting, Inc., a Massachusetts corporation with its principal place of business in that State. Tofer acted for Overseas in contracting to purchase tee shirts from the plaintiff, Zenane, Inc. All correspondence went through Tofer's Nashua, New Hampshire, office or his New Ipswich, New Hampshire, house, and the shirts were shipped to addresses in New Hampshire. The undisputed evidence is that Tofer at all times purported to act as agent for Overseas. Overseas has never registered to do business in New Hampshire under RSA 293-A:107 (Supp. 1983).

Zenane brought this action against Tofer personally and made personal service upon him. Zenane did not purport to sue Overseas and made no service on the corporation. The defendant moved to dismiss on the grounds that the corporation had not been served and had insufficient contacts to subject it to jurisdiction. The superior court granted the motion because Tofer was not personally liable and because Zenane had failed to serve Overseas through service on the Secretary of State. *See* RSA 293-A:120, :122 (Supp. 1983).

Since the action was brought against Tofer personally, the issues of the corporation's subjection to New Hampshire jurisdiction and service of process are irrelevant. The real issue briefed here is whether on the facts stated Tofer could be held liable for a corporate obligation. Zenane argues that Tofer should be held liable on the theory that the unregistered foreign corporation had no legal existence, necessarily leaving Tofer as the contracting party. Zenane cites *Booth v. Scott*, 276 Mo. 1, 205 S.W. 633 (1918), *appeal dismissed*, 253 U.S. 475 (1919), and *Ryerson & Son v. Shaw*, 227 Ill. 524, 115 N.E. 650 (1917) in support of this argument. The reasoning of these cases, however, is inconsistent with RSA 293-A:131, II (Supp. 1983), which provides that a foreign corporation's failure to register to do business shall not impair the validity of its contracts or preclude it from defending any action in a court of this State. Because New Hampshire has thus rejected the theory that an unregistered corporation does not exist for legal purposes, it is unnecessary to hold the agent of such a corporation personally liable in order to provide a plaintiff with the procedure to obtain relief. We therefore follow the "majority rule that in the absence of definite statutory authority therefor, officers, stockholders, incorporators or other persons contracting for or on behalf of a . . . foreign corporation [that fails to comply with the laws of the State in which it is conducting business] cannot be held liable on its contracts as partners . . ." 17 W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 8524 (rev. perm. ed. 1977); *see Pierce v. Yeaton*, 78 N.H. 378, 100 A. 604 (1917).

Our holding is limited to the issue discussed and does not affect the court's general power to pierce or disregard the corporate veil where individual liability may appropriately be imposed. *See, e.g., Druding v. Allen*, 122 N.H. 823, 451 A.2d 390 (1982); *Village Press v. Stephen Edward Co.*, 120 N.H. 469, 416 A.2d 1373 (1980); *Ashland Lumber Co. v. Hayes*, 119 N.H. 440, 402 A.2d 201 (1979); *Peter R. Previte, Inc. v. McAllister Florist, Inc.*, 113 N.H. 579, 311 A.2d 121 (1973).

*Affirmed.*

JOHNSON, J., did not sit.