Doyle v. Hoyle Ins.                         CV-94-244-SD  03/14/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Diana Doyle


        v.                                    Civil No. 94-244-SD


Wayne F. Hoyle;
Hoyle Insurance Agency


O R D E R


    In this diversity action, plaintiff Diana F. Doyle asserts various state law claims against Hoyle Insurance Agency, Inc., and its president, Wayne F. Hoyle, based upon the defendants' purported failure to obtain insurance for an apartment building owned by plaintiff in Littleton, New Hampshire.

    Presently before the court are defendants' motion for partial summary judgment, two motions filed by defendants for protective orders, plaintiff's motion to compel discovery, and plaintiff's motion for an enlargement of time to produce expert reports.  Also before the court are defendant Wayne F. Hoyle's motion for leave to file a reply brief and plaintiff's motion for leave to file a supplemental memorandum, which are herewith granted.

## Background

In December of 1992, plaintiff purchased an apartment building in Littleton, New Hampshire, and retained Donald McStay to manage the property. McStay's duties included obtaining insurance coverage for the building.

In order to obtain insurance coverage for the Littleton property, McStay contacted defendant Wayne F. Hoyle at the Hoyle Insurance Agency in Wrentham, Massachusetts. Plaintiff alleges that McStay "acquired a fire loss and liability protection binder on the Littleton property" from Hoyle that "was effective for one year, commencing on December 29, 1992." Complaint ¶¶ 8-9. Plaintiff further alleges that "in several conversations with McStay from December 1993 through February 1994, Defendant Hoyle assured McStay that a fire loss and liability protection insurance policy was forthcoming and that the Littleton property continued to be covered." Id. ¶ 12.

On February 9, 1994, the Littleton property was destroyed by fire. After receiving notification of the fire loss, Hoyle Insurance Agency allegedly advised plaintiff's mortgagee that a premium notice for an insurance policy on plaintiff's Littleton property had been mailed to McStay on November 24, 1993, and that the policy was canceled on January 28, 1994, due to nonpayment of the premium. Complaint ¶¶ 15, 18. Plaintiff alleges that the

2

premium was mailed to the wrong address by the Hoyle Insurance Agency and that neither plaintiff nor McStay received the premium notice. Id. ¶¶ 15-16.

Plaintiff now brings suit against the defendants for breach of contract, breach of express warranty, negligence, negligent and intentional misrepresentation, and violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. ch. 93A (chapter 93A), which prohibits unfair and deceptive trade practices.

## Discussion

### A. Defendants' Motion for Partial Summary Judgment

#### 1. Summary Judgment Standard

Under Rule 56(c), Fed. R. Civ. P., summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

> Summary judgment is a procedure that involves shifting burdens between the moving and the nonmoving parties. Initially, the onus falls upon the moving party to aver "'an absence of evidence to support the nonmoving party's case.'" Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325

3

(1986)).  Once the moving party satisfies this requirement, the pendulum swings back to the nonmoving party, who must oppose the motion by presenting facts that show that there is a "genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)) . . . .

LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, ___ U.S. ___, 114 S. Ct. 1398 (1994).

When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial, there can no longer be a genuine issue as to any material fact: the failure of proof as to an essential element necessarily renders all other facts immaterial, and the moving party is entitled to judgment as a matter of law.

Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994) (citing Celotex Corp., supra, 477 U.S. at 322-23).

In determining whether summary judgment is appropriate, the court construes the evidence and draws all justifiable inferences in the nonmoving party's favor. Anderson, supra, 477 U.S. at 255.

### 2.  Personal Liability of Wayne F. Hoyle

Defendants move for summary judgment as to plaintiff's breach of contract, breach of warranty, and unfair trade practices claims on the ground that defendant Wayne F. Hoyle

4

cannot be held personally liable for said claims because he was acting in his capacity as a corporate officer and employee of Hoyle Insurance at all relevant times.[1]

### a. The Contract Claims

Defendant Hoyle Insurance Agency, Inc., has operated as a Massachusetts corporation since November 5, 1971. See Certification of Incorporation (attached to Defendants' Motion as Exhibit B). Defendant Wayne F. Hoyle is the President, the Treasurer, and a stockholder of Hoyle Insurance.

"'[O]ne of the desirable and legitimate attributes of the corporate form of doing business is the limitation of the liability of the owners to the extent of their investment.'" Ashland Lumber Co. v. Hayes, 119 N.H. 440, 441, 402 A.2d 201, 202 (1979) (quoting Peter R. Previte, Inc. v. McAllister Florist, Inc., 113 N.H. 579, 582, 311 A.2d 121, 123 (1973)). However, New Hampshire courts have "'not hesitated to disregard the fiction of the corporation as being independent of those who are associated with it as stockholders'" when the circumstances of a particular

---

[1]Defendants' motion appears to move for summary judgment on all counts in the complaint, including the tort claims. However, in defendants' reply memorandum, defendants clarify that their motion for partial summary judgment does not include the tort claims. Reply Memorandum at 1. Accordingly, the court limits its discussion herein to plaintiff's contract and chapter 93A claims.

case warrant a piercing of the corporate veil.  Id. (quoting Previte, supra, 113 N.H. at 581, 311 A.2d at 123).  Such circumstances have been found to exist where the defendant has "suppressed the fact of [his] incorporation or misled the plaintiff as to the corporate assets," Previte, supra, 113 N.H. at 582, 311 A.2d at 123, or where "the corporate identity has been used to promote an injustice or fraud on the plaintiffs," Terren v. Butler, 134 N.H. 635, 639, 597 A.2d 69, 72 (1991) (citing Druding v. Allen, 122 N.H. 823, 827, 451 A.2d 390, 393 (1982)).[2]

Plaintiff contends that the corporate form should be disregarded here because Hoyle was conducting his business out of his home in Wrentham, Massachusetts, and because at no time did Hoyle "advise" or "alert" McStay "that he was conducting business with [McStay] merely as an agent for a corporation."  Affidavit of Donald McStay ¶ 5 (attached to Plaintiff's Objection as Exhibit A).

New Hampshire courts will not disregard the corporate form

---

[2]A corporate officer may also "'make himself personally liable . . . for a corporate debt by an express agreement, provided the agreement is supported by valuable consideration.'" Ashland Lumber Co., supra, 119 N.H. at 441, 402 A.2d at 202 (quoting 3A WILLIAM M. FLETCHER, FLETCHER'S CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 1119 (perm. ed. 1975)) [hereinafter FLETCHER'S CYCLOPEDIA ON CORPORATIONS]).  However, there is no evidence that such an agreement was made here.

"solely because a corporation is a one-man operation." <u>Village Press v. Stephen Edward Co.</u>, 120 N.H. 469, 471, 416 A.2d 1373, 1375 (1980); <u>see also</u> 1 FLETCHER'S CYCLOPEDIA ON CORPORATIONS § 25, at 514 (perm. ed. rev. vol. 1990) ("the close nature of the corporation is not by itself enough to justify piercing the corporate veil").  Similarly, the court here finds the fact that Hoyle operated Hoyle Insurance Agency out of his home does not warrant a piercing of the corporate veil.

The court further finds that Hoyle's purported failure to "alert" or "advise" McStay that Hoyle Insurance Agency was incorporated is not the equivalent of suppressing the fact of incorporation.  New Hampshire law requires a showing of misrepresentation or fraudulent concealment of incorporation.  No such showing has been made by the plaintiff in response to defendants' summary judgment motion.  Indeed, attached to the affidavit of defendant Wayne F. Hoyle are copies of several letters between Hoyle Insurance and McStay and Doyle.  All of these letters, including those sent by McStay or Doyle to Hoyle, clearly identify Hoyle Insurance as "Hoyle Insurance, Inc." or "Hoyle Insurance Corp."  Affidavit of Wayne F. Hoyle, Sr., ¶¶ 5-8 (attached to Defendants' Reply Memorandum).  Based on the evidence before it, the court finds that no reasonable jury could conclude that defendant Wayne F. Hoyle suppressed from plaintiff

7

the fact that Hoyle Insurance was incorporated.

Plaintiff further asserts that defendants' failure to carry errors and omissions insurance,[3] coupled with the agency's likely undercapitalization, amounts to fraud on the agency's customers. However, plaintiff maintains that she has been unable to determine the extent of the agency's undercapitalization because defendants have delayed the taking of Hoyle's deposition. Accordingly, plaintiff requests, under Rule 56(f), Fed. R. Civ. P., that defendants' motion be refused or continued for additional discovery on the undercapitalization issue.

Rule 56(f) "describes a method of buying time for a party who, when confronted by a summary judgment motion, can demonstrate an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition." Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994).[4] "A litigant who

---

[3]Defendants have stated in response to plaintiff's second set of interrogatories that they were not insured against loss for the damages attributed to them by plaintiff.

[4]The rule states, in full, that

> [s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

8

desires to invoke Rule 56(f) must make a sufficient proffer." Id. This proffer must be "authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment." Id. "[T]hese requirements are not inflexible and . . . district courts are vested with considerable discretion in their administration. In the exercise of that discretion, one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case." Id. (citation omitted).

Plaintiff has failed to support her Rule 56(f) request with the required affidavit. However, in light of the fact that plaintiff's failed attempt to depose Hoyle is well documented in her motion to compel discovery, discussed infra pp. 14-16, the court will exercise its discretion and overlook this failure. Plaintiff's request is otherwise timely and properly details why plaintiff is unable to present evidence regarding the defendant corporation's purported undercapitalization.

Mindful that "[u]nless the movant has been dilatory, or the court reasonably concludes that the motion is a stalling tactic or an exercise in futility, it should be treated liberally," id., the court herewith grants plaintiff's Rule 56(f) request. Plaintiff shall have 30 days from the date of this order to

_____

Rule 56(f), Fed. R. Civ. P.

9

depose defendant Wayne F. Hoyle and file a renewed response to defendants' motion for summary judgment. Said response shall be limited to the question of whether Hoyle should be held personally liable for breach of contract or warranty because of the corporation's undercapitalization. If defendants seek to supplement their motion on this issue, they shall do so within the same 30-day period.

### b. Unfair and Deceptive Trade Practices

In Count I of her complaint, plaintiff asserts a claim for unfair and deceptive trade practices in violation of chapter 93A. Defendants move for summary judgment as to said claim, arguing that defendant Wayne F. Hoyle cannot be held individually liable for the allegedly deceptive acts of the defendant corporation.[5] The court finds that resolution of this issue requires a determination as to whether plaintiff's chapter 93A claim should be treated as a tort claim or as a contract claim.

In Count I, plaintiff alleges that defendants, after

---

[5]In their reply brief, defendants also argue, under choice-of-law rules, that chapter 93A does not apply to this action. Although defendants reserved the right to object to the application of Massachusetts law to this action in their motion for summary judgment, defendants did not actually argue the choice-of-law issue as a basis for granting summary judgment. Accordingly, plaintiff did not have the opportunity to respond to such an argument in her objection, and the court declines to address the choice-of-law issue herein.

agreeing to obtain insurance for plaintiff's Littleton property, "willfully and knowingly acted in an unfair and deceptive manner by . . . assuring Plaintiff that the Littleton property was covered by insurance, when it was not[, and] assuring Plaintiff that a fire loss and liability insurance policy on the Littleton property was forthcoming, when it was not." Complaint ¶ 27. The remedies sought by plaintiff for this alleged violation of chapter 93A include compensatory damages, multiple compensatory damages, attorney's fees, and costs.

The court's review of the allegations contained in Count I and the remedies sought therein leads the court to conclude that plaintiff's chapter 93A claim is more akin to her tort claims than to her contract claims. Accordingly, the court will treat plaintiff's chapter 93A claim as a tort for the purpose of determining whether Hoyle can be held individually liable. See, e.g., Crellin Technologies, Inc. v. Equipmentlease Corp., 18 F.3d 1, 11 (1st Cir. 1994) (holding that a chapter 93A claim should be treated as a tort when the "chapter 93A claim and the requested remedy are highly analogous to a tort claim and remedy").

"It is well established that an officer of a corporation is liable for any tort of the corporation in which he participates or authorizes, even though he was acting for the corporation in the commission of the tortious activity." Pacific & Atlantic

11

<u>Shippers v. Schier</u>, 109 N.H. 551, 553, 258 A.2d 351, 354 (1969).

<u>See also</u> <u>Bolan v. Paragon Plastics, Inc.</u>, 754 F. Supp. 221, 228 (D. Mass. 1990) (holding that corporate officers can be held liable under chapter 93A for participating in unfair and deceptive practices).  Accordingly, because Wayne F. Hoyle is alleged to have personally participated in the tortious conduct that forms the basis of plaintiff's chapter 93A claim, the court finds that he can be held individually liable for that conduct. Defendants' motion for summary judgment is therefore denied as to Count I.

## B.  The Discovery Motions

The parties have filed a plethora of motions, objections, and replies regarding the deposition of defendant Wayne F. Hoyle, Sr., the deposition of Wayne Hoyle, Jr., and the inspection of Hoyle Insurance Agency's computer files.  The court addresses each discovery dispute in turn.

### 1.  Deposition of Wayne Hoyle, Jr.

On December 27, 1994, plaintiff noticed the deposition of Wayne Hoyle, Jr.,[6] for January 13, 1995, at the offices of

---

[6]Wayne Hoyle, Jr., is the son of defendant Wayne F. Hoyle and is an employee of defendant Hoyle Insurance.  He is not a party to this action.

plaintiff's counsel in Hanover, New Hampshire. <u>See</u> Notice of Deposition (attached to Defendants' Motion as Exhibit A). In response thereto, defendants filed the instant motion for a protective order under Rule 26(c), Fed. R. Civ. P.,[7] to prevent the deposition of Wayne Hoyle, Jr., on the ground that he was not subpoenaed.

Rule 30(a)(1), Fed. R. Civ. P., permits a party to depose "any person." However, if the person to be deposed is not a party, his presence at a deposition cannot be compelled by using a notice of deposition. Instead, the deposing party must subpoena the nonparty deponent in accordance with Rule 45, Fed. R. Civ. P.

Plaintiff contends that Wayne Hoyle, Jr.'s deposition was properly noticed because Hoyle, Jr., should be considered a "managing agent" of defendant Hoyle Insurance. However, Rule 30(b)(6) does not permit the plaintiff to choose the managing agent who will speak on a defendant corporation's behalf. <u>See</u> Rule 30(b)(6), Fed. R. Civ. P.; <u>see also</u> 8A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2103 (1994) [hereinafter WRIGHT &

---

[7]Rule 26(c) provides in pertinent part that "[u]pon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

13

MILLER].

A defendant corporation's failure or refusal to name a specific employee as a managing agent under Rule 30(b)(6) does not preclude a plaintiff from taking the deposition of such an employee. However, the presence of such a person at a deposition, as with any other nonparty, must be obtained by subpoena rather than by notice of deposition. See Rules 30(a)(1) and 30(b)(6), Fed. R. Civ. P.; see also 8A WRIGHT & MILLER § 2103, at 36-37.

Accordingly, defendants' motion for a protective order is granted, and plaintiff's motion to compel the deposition of Wayne Hoyle, Jr., is denied. If plaintiff wishes to depose Wayne Hoyle, Jr., she must subpoena him in accordance with Rules 30(a)(1) and 45, Fed. R. Civ. P. With respect to the place of said deposition, the court refers the parties to the limitations set forth in Rules 45(b)(2) and 45(c)(3)(A)(ii).

### 2. Deposition of Defendant Wayne F. Hoyle, Sr.

On December 27, 1994, plaintiff noticed the deposition of defendant Wayne F. Hoyle, Sr., for January 12, 1995, at the offices of plaintiff's counsel in Hanover, New Hampshire. See Notice of Deposition (attached to Defendants' Motion as Exhibit A).

14

Defendant Hoyle Insurance moves for a protective order to prevent plaintiff from compelling the deposition of Hoyle, Sr., in Hanover. Instead, defendant requests that said deposition take place at the offices of Attorney Introcaso in Manchester, New Hampshire; at the offices of Attorney O'Leary in Boston, Massachusetts; or in Wrentham, Massachusetts, where Hoyle Insurance is located. Defendants' Consolidated Memorandum at 11.

The party issuing a notice of deposition "may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c), Fed. R. Civ. P., designating a different place." Turner v. Prudential Ins. Co. of America, 119 F.R.D. 381, 383 (M.D.N.C. 1988) (citing 8 WRIGHT & MILLER § 2112, at 403); see also Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993).

The first basis for defendants' motion is that Wayne F. Hoyle, Sr., is being deposed under Rule 30(b)(6) as president of Hoyle Insurance and the deposition of a corporation should ordinarily be taken at its principal place of business. See 8A WRIGHT & MILLER § 2112, at 81-82; Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979). However, in light of this court's partial ruling on defendant's motion for summary judgment, supra pp. 10-12, Wayne F. Hoyle, Sr., remains a defendant in this action. Further, plaintiff did not notice the deposition of

15

Hoyle Insurance Agency under Rule 30(b)(6); she noticed the deposition of Wayne F. Hoyle, Sr. Accordingly, the court treats plaintiff's notice of deposition as naming Hoyle to be deposed in his individual capacity rather than as an officer designated to testify on behalf of Hoyle Insurance under Rule 30(b)(6).

The second basis for defendants' motion is that requiring Hoyle "to travel well in excess of 100 miles to attend this deposition places an undue burden on Mr. Hoyle, Sr. as he is heavily involved in the day to day operation of his small business." Defendants' Motion at 4.

Acknowledging that Hoyle Insurance is a small, closely held corporation that requires defendant Wayne F. Hoyle, Sr.'s daily attention, and noting that plaintiff has exhibited some willingness to alter the place of defendant's deposition to ensure that said deposition take place, the court finds and rules that the deposition of defendant Wayne F. Hoyle, Sr., shall take place at the offices of Attorney Introcaso in Manchester, New Hampshire, at a date and time mutually convenient to the parties within 30 days of the date of this order.

3. Plaintiff's Notice of Inspection and Copying of Computer Files

On January 23, 1995, plaintiff noticed the inspection and

16

copying of computer files at Hoyle Insurance relating to this litigation. On February 2, 1995, plaintiff filed a motion to compel this inspection.

Defendants object to plaintiff's motion as premature on the ground that Rule 34(b), Fed. R. Civ. P., gives them 30 days to serve a written response to plaintiff's requested inspection. The court agrees that plaintiff's February 2, 1995, motion to compel was premature at the time it was filed. However, no other objection to the inspection has been raised by the defendants, and plaintiff represents in her reply brief dated February 24, 1994, that no response from defendants had been received as of that date, which is just over 30 days from the date of the notice of inspection.

Accordingly, the court will treat plaintiff's reply brief as a timely renewal of her motion to compel the inspection. Defendants shall have 10 days from the date of this order to file an objection thereto or, in the alternative, to arrange for the inspection to take place within 30 days of the date of this order.

C. Plaintiff's Motion to Enlarge Time

Plaintiff moves for an enlargement of time to produce expert reports from March 1, 1995, to June 1, 1995. Defendants pose no

objection to this motion.  In light of the discovery problems addressed herein, said motion is granted.  Plaintiff shall disclose her experts and produce the experts' written reports by June 1, 1995.  Defendants shall disclose their experts and the experts' written reports by September 1, 1995.

Conclusion

For the reasons stated herein, defendants' motion for partial summary judgment (document 14) is denied as to Count I. The remainder of the motion shall be ruled on after receipt of any additional submissions from the parties following the deposition of defendant Wayne F. Hoyle.  Defendants' motion to file a reply brief (document 22) is granted; defendants' motion for a protective order regarding Wayne Hoyle, Jr. (document 16) is granted; defendants' motion for a protective order regarding defendant Wayne F. Hoyle, Sr. (document 15) is granted; plaintiff's motion to compel (document 19) is granted in part and denied in part; plaintiff's assented-to motion for enlargement of time (document 23) is granted; and plaintiff's motion for leave to file a supplemental memorandum (document 24) is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 14, 1995

cc:   Sheldon M. Katz, Esq.
      Anthony L. Introcaso, Esq.
      Edward P. O'Leary, Esq.