## Jack C. Keir, Inc. v. Robinson & Keir Partnership, Jack C. Keir and Lenord Robinson

[560 A.2d 957]

No. 88-058

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed April 14, 1989

*Craig Weatherly* of *Gravel and Shea*, Burlington, for Plaintiff-Appellee.

*T. Christopher Greene* of *Richard E. Davis Associates, Inc.*, Barre, for Defendant-Appellant Robinson.

**Allen, C.J.** Defendant Lenord Robinson appeals from a judgment in plaintiff's favor in an action to recover sums due on loans to a partnership in which defendant had a half interest. We affirm.*

Plaintiff Jack C. Keir, Inc. is a corporation whose board of directors is chaired by Jack C. Keir, though he does not hold a majority of the shares. Jack C. Keir and defendant Robinson formed the Robinson & Keir Partnership in 1979 for the purpose of developing real estate in Warren. The partners each contributed $4,900 in capital, with the agreement providing that additional capital contributions would be made equally. Robinson argues, however, that the true understanding was that partner Jack C. Keir would "fund" the project, while defendant would "perform all the construction," but the trial court found otherwise. Jack C. Keir was, according to his own testimony, responsible for raising the funds to effect the partnership's plans, but that testimony does not answer the question of whether funds raised would become capital contributions or loans to the partnership. The trial court's determination that the "partners' contributions to the partnership were to be equal" is supported by the evidence.

In addition to $329,000 which Jack C. Keir individually advanced to the partnership, the trial court found that plaintiff lent the partnership $196,878.74 from 1982 to 1984, evidenced by can-

---

* This matter comes to us again after remand for a determination as to whether an assistant judge who sat at trial concurred in the trial court's finding which she had not signed.

celled checks, and further found that the partnership books carried these amounts as loans, even though a promissory note was executed only for one advance, in the amount of $8,800.

■ Defendant on appeal disagrees with the trial court's interpretation of the evidence but does not demonstrate that the court's findings were clearly erroneous. *Town of Wolcott v. Behrend,* 147 Vt. 453, 455, 519 A.2d 1156, 1158 (1986). Defendant argues that neither the checks from plaintiff to the partnership, the partnership books reflecting loans from plaintiff, the payment of interest by the partnership on the loans, nor the promissory note for the first advance constituted evidence of loans from plaintiff, but does not tell us why the trial court's findings to the contrary were in error. Defendant rather argues the contrary effect of a letter written by Jack C. Keir to defendant dated June 28, 1983, proposing an amendment to the partnership agreement so that "funds supplied by the partners in excess of loans recognized by signed notes shall be considered additions to capital accounts of the respective partners." The partnership agreement was never, in fact, amended, and in any event, plaintiff corporation was never a "partner." And despite defendant's assertion that defendant Keir had been supplying the partnership with capital through Keir, Inc., the trial court found "insufficient evidence to conclude that the plaintiff was in fact the alter ego of one of the partners."

Again, while defendant contests that finding, he does not suggest why plaintiff's corporate status should be disregarded, beyond arguing that Jack C. Keir controlled Jack C. Keir, Inc. A corporation is a legal entity distinct from its stockholders. *In re Towne Hill Water Co.,* 139 Vt. 72, 76, 422 A.2d 927, 929 (1980). Except in cases where recognition of corporate status would result in fraud or injustice, courts will generally refuse to pierce the corporate veil. *Village Press, Inc. v. Stephen Edward Co.,* 120 N.H. 469, 471-72, 416 A.2d 1373, 1375 (1980); *Alterio v. Biltmore Construction Corp.,* 119 R.I. 307, 315, 377 A.2d 237, 241 (1977); *Roberts v. W.H. Hughes Co.,* 86 Vt. 76, 88, 83 A. 807, 812 (1912). Even if Jack C. Keir had contributed the funds in question personally, a contribution by a partner in excess of the agreed-upon amount is treated as an advance. *Nogueras v. Maisel & Assoc.,* 142 Mich. App. 71, 83, 369 N.W.2d 492, 497 (1985). Moreover, a partner may even collect interest on advanced funds. *Hodges v. Parker,* 17 Vt. 242 (1845). The partners were free to arrange their affairs based on the usual expectations flowing from plaintiff's

corporate status, and in the absence of misrepresentation as to that status, defendant has no reason, after the fact, to argue sham.

█ Finally, defendant contends that Jack C. Keir agreed that the partnership debt to plaintiff was to be repaid, according to Keir's testimony, "when there were funds available from the partnership's operation to repay it." The defendant Robinson testified that because the partnership had no money, its obligations could only be paid by selling its properties. Conditions precedent to the payment of a partnership debt are not favored unless the conditions are express and unambiguous. *Peterson* v. *Wirum,* 625 P.2d 866, 873 (Alaska 1981). While Keir and Robinson may have operated under the same assumption, the testimony does not evidence an express and unambiguous agreement sufficient to establish a condition precedent to the payment of the debt. The trial court's finding, that the quoted language did not make the existence of the indebtedness contingent on the existence of funds to repay the notes, should therefore be sustained. Moreover, it was defendant who alleged an agreement, and having done so, it became the court's task to interpret that partnership agreement like any other contract in order to determine the intent of the parties. *Hofner* v. *Glenn Ingram & Co.,* 140 Ill. App. 3d 874, 882, 489 N.E.2d 311, 316 (1985). The fact that the parties may have had some expectation with respect to the time or source of repayment does not demonstrate an intent on the part of the parties to make the note a contingent obligation.

*Affirmed.*