### Lee WINEY v. Richard CUTLER d/b/a Cutler Construction Co., and Richard A. Cutler Construction Company, Inc.

[678 A.2d 1261]

No. 95-167

April 30, 1996. Plaintiff Lee Winey won a judgment for damages against Richard Cutler and his business (a sole proprietorship), the general contractor hired to build her home in Shaftsbury. See *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 144-45, 636 A.2d 744, 754 (1993) (upholding judgment on appeal). This trustee action was brought against the corporation that now runs the business. Plaintiff proceeded in this collection action under 12 V.S.A. §§ 3167-3171 (trustee process against earnings). The trial court granted trustee process. We affirm.

While Richard Cutler owns substantial assets, more than enough to pay this judgment, he has refused to pay and has sheltered his assets from plaintiff's reach. Consequently, plaintiff has attempted to satisfy the judgment by seeking payments from a portion of Richard Cutler's earnings from the corporation. He and his wife, Deborah Cutler, jointly own 100% of the stock, and both work for the corporation. Between 1989 and 1993, the corporation paid Richard Cutler annual salaries ranging from a high of $280,000 to a low of $40,000 and Deborah $20,000 each year. Each salary was a once-a-year payment designated a bonus. At oral argument, defendant represented to the Court that currently no salary is paid to Richard, even though he works full time. His wife Deborah continues to receive a salary. Defendant claimed not to know whether Deborah's salary had substantially increased since Richard stopped receiving compensation.

The court issued trustee process by determining that Richard Cutler earned an average of over $100,000 a year. It chose a conservative yearly net earnings figure of $40,000 plus $1,000 paid from a pension fund and ordered defendant to pay 25% of his weekly disposable earnings, calculated according to 12 V.S.A. §§ 3169-3170, to plaintiff. Defendant does not challenge the court's calculations.

Defendant agrees that plaintiff was entitled to an order of trustee process in this case except in one respect. It claims that plaintiff is not entitled to an order requiring defendant to pay her anything from Richard Cutler's wages if the corporation does not owe him any wages. Since the decision whether Richard is owed wages is controlled by him and his wife, defendant asserts any disbursements to Richard can either be diverted to Deborah or paid to Richard before plaintiff is able to "attach" the funds.

The issue for us is a simple one: may trustee process against earnings be defeated as defendant proposes in cases where the judgment-debtor employee controls the corporate-trustee employer?

The statutory scheme in issue allows trustee process only against earnings.

"Earnings" is defined as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 12 V.S.A. § 3169(b)(1).

The essence of defendant's argument rests on the definition of "payable." It contends that "earnings" here were not "payable" unless and until the corporate employer declared them payable. Any reasonable construction of the term "compensation paid or payable" cannot include only "declared amounts due" because trustee process on earnings would become an elusive remedy. "Compensation paid" cannot simply mean money already paid to an employee, because that money is already in the employee's possession and is no longer available to be paid by the trustee to the judgment creditor. The phrase "compensation paid," as used in the statute, must mean compensation ordinarily and regularly due the employee in the course of employment. The modifier "payable," in similar fashion, must mean something different from "compensation paid." The only reasonable interpretation of "payable" compensation is an amount to be determined based on future contingencies, such as the giving of bonuses and raises.

Defendant's argument is also predicated in part on a general trustee process provision, which states: "A person shall not be adjudged a trustee by reason of any money or other thing due from him to the principal defendant, *unless it is due absolutely and without contingency* at the time of the service of the writ upon him . . . ." 12 V.S.A. § 3019 (emphasis added). Section 3019, however, is not specifically applicable to earnings, and, even if it were, it contradicts the definition of earnings. See *Lomberg v. Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980) (specific statutes control over general

statutes, and if two statutes deal with same subject matter, more recent controls).

The statutory scheme on trustee process of earnings works well when the employer is not the "alter ego" of the employee. Where the employee and employer have an arm's length relationship, the employer serves merely as a collection conduit for the judgment creditor. The question remains, may the trustee process on earnings law be defeated when the judgment debtor is the alter ego of his corporate employer and the debtor's salary may be diverted to another? We do not think the Legislature intended that the law could be so easily evaded.

No legitimate purpose of the corporate form of ownership and doing business contemplates the outcome defendant proposes. Although one purpose of corporation law is to limit shareholders' liability for corporate debts, and thereby encourage investment, see 11A V.S.A. § 6.22(b) (shareholder *not personally liable for debts of corporation*), corporations are not intended to be used to shelter the assets of shareholders from lawful claims of judgment creditors. In this case, the corporate form is being manipulated for just such a purpose. Defendant concedes that it has not paid Richard Cutler since the trustee process order became effective. The *only* reason defendant has stopped paying Richard Cutler is because it must pay plaintiff 25% of Richard Cutler's net disposable earnings. Richard Cutler loses nothing by not being paid any compensation because his earnings may be diverted to his wife and then deposited into their joint account. Thus, here, the corporate shell is used merely as a sham to deprive plaintiff of a remedy.

If we sanction what defendant proposes, all judgment debtors who have sufficient influence over a corporate employer to control the payment of their compensation would be immune from

trustee process of earnings. We have no evidence the Legislature had that result in mind in passing the law. See, e.g., *Permian Petroleum Co. v. Petroleos Mexicanos*, 934 F.2d 635, 643 (5th Cir. 1991) ("The alter ego doctrine may also apply in 'reverse piercing' situations in which a party seeks to hold a corporation liable for the obligations of a shareholder."); *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 141 (2d Cir. 1991) (court may disregard corporate form where excessive control causes complained of loss); *United States v. Fidelity Capital Corp.*, 920 F.2d 827, 836-37 (11th Cir. 1991) (when person who owns or controls corporation uses corporate form to evade contract or tort responsibilities, court may pierce corporate veil to correct abuse); *Wolfe v. United States*, 798 F.2d 1241, 1243 (9th Cir. 1986) (corporation dominated by its owner may be disregarded under alter ego doctrine); *Jack C. Keir, Inc. v. Robinson & Keir Partnership*, 151 Vt. 358, 360, 560 A.2d 957, 959 (1989) (where recognition of corporate status would result in fraud or injustice, courts will pierce corporate veil).

Plaintiff is entitled to attorneys' fees and expenses. See *Cameron v. Burke*, 153 Vt. 565, 576, 572 A.2d 1361, 1367 (1990) (court may grant fees in exceptional cases as justice requires).

*Affirmed. Defendant is ordered to pay all sums due under the trial court's order of trustee process plus interest at the legal rate and all reasonable attorneys' fees and expenses incurred in this collection action since its inception, including those incurred in this appeal. Plaintiff shall submit an affidavit on attorneys' fees within ten days of this entry; defendant may respond to plaintiff's claim for fees and expenses within seven days thereafter.*