*Hueckel v. Hardy*, No. 149-5-11 Bncv (Wesley, J., July 23, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                                                CIVIL DIVISION
Bennington Unit                                                      Docket No. 149-5-11 Bncv

---

## Hueckel et al vs. Hardy

---

# ENTRY REGARDING MOTION

Title:            Motion discharge of trustee (Motion 7)
                  Motion to dismiss trustee process (Motion 8)
Filer:            Vermont Country Properties
Attorney:         Thomas F. Heilmann (Motion 7); James Dingley (Motion 8)
Filed Date:       June 19, 2014

Response filed on 06/20/2014 by Attorney Alexander D. Ramsvig for Plaintiff Glen Hueckel

### Decision Denying Trustee's Motion for Discharge & Denying Defendant's Motion to Dismiss Trustee Process Proceedings

Plaintiffs sued Paul Hardy for back rent, and secured a judgment for $12,962.50 on Aug. 11, 2011. On April 30, 2014, Plaintiffs filed a motion for trustee process to garnish earnings against Mr. Hardy's employer, Vermont Country Properties. Through counsel, Vermont Country Properties filed a motion for discharge of trustee, supported by an affidavit from its business manager, Tiffany Johnson. Vermont Country Properties is a real estate company. Vermont Country Properties indicated it pays Mr. Hardy by commission and Mr. Hardy had no pending sales. Although Ms. Johnson's affidavit purports to be a trustee's disclosure, Vermont Country Properties did not fill out Form No. 508, and thus has not provided all the relevant information necessary for a proper response to a trustee process request.

In its motion for discharge as a trustee, Vermont Country Properties indicates it has no property of Mr. Hardy. For the same reason, Defendant has also moved for dismissal of the trustee process proceedings. Plaintiffs opposed the motions because trustees can be required to remit future payments, even if the exact amounts of such payments are presently uncertain. Plaintiffs also requested Vermont Country Properties fill out Form No. 508.

The Court denies Vermont Country Properties' motion for discharge and Defendant's motion for dismissal. *See* V.R.C.P. 4.2(j). A plaintiff may seek trustee process against a defendant's earnings. Under V.R.C.P. 4.2(j)(5), the definition of earnings includes commissions, s*ee* also 12 V.S.A. § 3169(b)(1). A plaintiff may seek trustee process against a defendant's future earnings, even if those earnings are not precisely foreseeable at the time of the trustee process hearing. See *Winey v. Culter*, 165 Vt. 566, 567 (1996) (mem.). Accordingly, neither the trustee nor Defendant is entitled to discharge or dismissal based on the claim that Vermont Country Properties does not currently hold any commissions for Mr. Hardy.

The trustee process hearing was initially scheduled for June 23, 2014.  By entry issued June 17, the Court granted Defendant's motion to continue the hearing, which has been rescheduled to Aug. 4, 2014 at 2:00 p.m. The Court requires Vermont Country Properties to submit its trustee's disclosure on Form No. 508 no later than July 31, 2014, or risk adjudication as trustee. *See Form No. 508: Trustee Disclosure of Earnings*, State of Vermont Judiciary *available at* https://www.vermontjudiciary.org/eforms/Form%20508.pdf. V.R.C.P. 4.2(j)(3) requires a plaintiff to submit a request for trustee process accompanied by the court's form. The requirement and form would be meaningless if trustees could ignore it. Moreover, Vermont Country Properties' affidavit does not contain the information requested by Form No. 508.

**WHEREFORE,** it is hereby **ORDERED** :

The Court **DENIES** Vermont Country Properties' motion for discharge. The Court **DENIES** Defendant's motion to dismiss. Vermont Country Properties shall make its trustee disclosure on Form No. 508 no later than July 31, 2014.

Electronically signed on July 23, 2014 at 10:28 AM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
James M. Dingley (ERN 1944), Attorney for Defendant Paul Hardy
Trustee Berkshire Bank
Thomas F. Heilmann (ERN 3294), Attorney for Trustee Vermont Country Properties
Alexander D. Ramsvig (ERN 6332), Attorney for Plaintiff Linda Hueckel
Alexander D. Ramsvig (ERN 6332), Attorney for Plaintiff Glen Hueckel