*Hueckel v. Hardy*, No. 149-5-11 Bncv (Wesley, J., Aug. 29, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 149-5-11 Bncv |

---

## Hueckel et al vs. Hardy

---

# ENTRY REGARDING MOTION

Count 1, Eviction (149-5-11 Bncv)

Title:      Motion for Trustee Process (Motion 5)
Filer:      Linda Hueckel
Attorney:   Alexander D. Ramsvig
Filed Date: April 30, 2014

Response filed on 08/01/2014 by Attorney Alexander D. Ramsvig for Plaintiff Glen Hueckel

**The motion is DENIED.**

## Decision and Order
## Denying Plaintiff's Request for Trustee Process and Granting Attorney Ramsvig's Motion to Withdraw

Plaintiffs filed a motion for trustee process against Defendant. On August 9, 2011, the Court issued a judgment against Defendant for $12,962.50. The underlying action involved non-payment of rent. Defendant's employer, Vermont Country Properties, opposed the request for trustee process because it pays Defendant on a commission basis and he has no pending sales. Defendant also opposed the motion for trustee process.

The Court held an evidentiary hearing on the motion for trustee process on August 4, 2014. Plaintiffs were present and were represented by Attorney Alexander Ramsvig. Defendant was also present and was represented by Attorney James Dingley. Attorney Thomas Heilmann participated by telephone on behalf of Vermont County Properties. The Court took testimony from Defendant and heard oral argument.

The evidence at the hearing indicates Defendant works as a commercial real estate agent for Vermont Country Properties. Vermont Country Properties pays Defendant solely based on commissions. Defendant requires several months of work to finalize a deal. Defendant currently has no pending sales and is unlikely to develop any sales in the next several months.

The Court must first decide if it has authority to issue a trustee process order against Defendant. Defendant argues the Court may not issue a trustee process order against commissions that are contingent under 12 V.S.A. §§ 3018, 3019. Admittedly, 12 V.S.A. § 3018, money requires money to be "due absolutely and without contingency" before it can be subject to trustee process. However, *Winey v. Cutler* held a similar provision, 12 V.S.A. § 3019,

contradicted the definition of earnings and contingency payments could be subject to trustee process. *See* 165 Vt. 566, 567 (1996) (mem.). Therefore, neither 12 V.S.A. § 3018 or 12 V.S.A. § 3019 prohibit the Court from issuing a trustee process order against commissions.

Nevertheless, a trustee process order against Defendant's future commissions from Vermont Country Properties is not appropriate at this time. *Winey* is distinguishable from this case because *Winey* involved a defendant who used his corporation as an alter ego and had the power to influence when he received commissions. *See* 165 Vt. at 567. The Court feared the defendant might receive a commission at any time and might use the commissions to abuse the Court system and defraud his creditors. *See id.* In contrast, the evidence in this case indicates Vermont Country Properties does not owe Defendant any commissions and is unlikely to owe him any commissions in the foreseeable future. A trustee process order would be too speculative at this time. The Court does not reach the arguments about whether the rental agreement was a consumer credit transaction.

The Court also denies Plaintiffs' alternative request to seek additional discovery against Defendant about his income disclosures. Plaintiffs argue Defendant's disclosures are incomplete and his testimony reveals inconsistency in his reporting. However, Plaintiffs had a chance to question Defendant about his disclosures on the stand, and the Court discerns no legal or factual basis for the claim that Plaintiffs should be entitled to further discovery to test the accuracy of Plaintiff's testimony.

Vermont Country Properties also seeks attorney's fees for its participation in the trustee process hearing. Under 12 V.S.A. § 3083, a trustee may receive costs and fees if it is summoned and gives testimony under oath. *See Nat'l Union Bank v. Brainerd*, 65 Vt. 291, 302 (1893) (awarding costs when a trustee appeared and submitted to examination under oath). The statute does not apply to this case because the trustee was not summoned and did not give testimony under oath. The Court notified Vermont Country Properties of the August 4, 2014 hearing and permitted, but did not require, it to participate. Attorney Heilmann participated by phone and did not bring a representative of his client to court to testify. Vermont Country Properties involvement in this hearing was not required and was insufficient to trigger 12 V.S.A. § 3083.

Finally, the Court grants Attorney Ramsvig's motion to withdraw. On July 23, 2014, the Court indicated it would consider Attorney Ramsvig's motion to withdraw at the August 4, 2014 hearing. *See* V.R.C.P. 79.1(f). At the hearing, Attorney Ramsvig indicated he would continue representation for the purpose of the trustee process motion. Additionally, Linda and Glen Hueckel indicated they would permit withdrawal. On August 8, 2014, the Hueckels filed a notice of appearance for pro se litigant. The Court is now satisfied the motion is concluded and the Hueckels may appear on their own behalf.

**Order**

The Court **DENIES** Plaintiffs' motion for trustee process. The Court **DENIES** Vermont Country Properties request for cost and fees. The Court **GRANTS** Attorney Ramsvig's motion to withdraw.

Electronically signed on August 29, 2014 at 01:28 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
James M. Dingley (ERN 1944), Attorney for Defendant Paul Hardy
Trustee Berkshire Bank
Thomas F. Heilmann (ERN 3294), Attorney for Trustee Vermont Country Properties
Alexander D. Ramsvig (ERN 6332), Attorney for Plaintiff Linda Hueckel
Alexander D. Ramsvig (ERN 6332), Attorney for Plaintiff Glen Hueckel