NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 56

No. 23-AP-129

| | |
|---|---|
| William Doherty | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windsor Unit, |
| | Civil Division |
| | |
| Town of Woodstock and Alphonse Sorrentino | September Term, 2023 |

Samuel Hoar, Jr., J.

Christopher McVeigh of McVeigh ♦ Skiff, LLP, Burlington, for Plaintiff-Appellant.

Andrew C. Boxer of Boxer Blake & Moore PLLC, Springfield, for Defendant-Appellee Sorrentino.


PRESENT: Reiber, C.J., Carroll, Cohen and Waples, JJ., and Dooley, J. (Ret.), Specially Assigned


¶ 1.    **CARROLL, J.**    Plaintiff William Doherty appeals an order granting summary judgment to defendant Alphonse Sorrentino.[1] We affirm.

¶ 2.    The following material facts are undisputed unless otherwise noted. On the morning of November 8, 2019, plaintiff walked a short distance from the Village Inn to the Woodstock Inn in Woodstock, Vermont. It was not precipitating at that time. He remained at the Woodstock Inn for about fifteen minutes. It began to snow as he left the Woodstock Inn to return

---

[1] Plaintiff also sued the Town of Woodstock. The Town prevailed on summary judgment in the civil division. Prior to oral argument, plaintiff moved to withdraw his appeal with respect to the Town.

to the Village Inn. Plaintiff took a photo of the Woodstock Inn as he left that depicts falling snow and some accumulation on the ground.[2] Plaintiff walked back toward the Village Inn using the same route he had taken earlier. Approximately five minutes later, plaintiff slipped and fell on a sidewalk abutting 81 Central Street. Snow had lightly accumulated on the sidewalk. Plaintiff was injured. Defendant arrived after plaintiff fell but before an ambulance transported plaintiff to a local hospital.

¶ 3. Tanglewood Development Corporation owns 81 Central Street. Defendant is the sole owner of Tanglewood. Defendant is also the sole owner of ACS Design Build and Construction Services, LLC, both of which have main offices at 81 Central Street. The sidewalk is owned by the Town of Woodstock. The Town has an ordinance that provides: "Owners of property abutting a [Woodstock] Village sidewalk shall cause said sidewalk to be cleared of accumulated snow or ice or otherwise rendered safe for pedestrian traffic to a minimum width of three feet within twenty-four hours of such accumulation." No accumulated snow had been cleared at the time plaintiff fell.

¶ 4. Plaintiff filed an action in superior court alleging that defendant, in his personal capacity, breached a duty to plaintiff to clear the sidewalk of snow, which was the proximate cause of plaintiff's injury. Defendant answered with denials and, following discovery, moved for summary judgment. Defendant argued that he owed no duty to plaintiff because: neither defendant nor the owner of the building, Tanglewood, owned or controlled the sidewalk on which plaintiff fell; landowners abutting public sidewalks owe no duty to the public to keep the sidewalk in a safe condition; and the municipal ordinance did not otherwise create a duty to plaintiff. Defendant

_____

[2] The parties dispute whether the photograph depicts accumulated snow. The photograph appears to depict some light accumulated snow on the lawn and pathways in front of the Woodstock Inn. However, for the reasons below, whether snow had begun to accumulate and when is not dispositive to our decision. Stopford v. Milton Town Sch. Dist., 2018 VT 120, ¶ 11, 209 Vt. 171, 202 A.3d 973 ("We review a summary judgment decision by examining the entire record and decide questions of law de novo.").

contended that even if he had a duty of care to plaintiff, he had no actual or constructive knowledge of the existence of a dangerous condition. In the alternative, defendant argued that the storm-in-progress rule, which Vermont has yet to adopt, barred recovery. Plaintiff opposed the motion arguing that disputed material facts remained, supported by defendant's deposition testimony, which showed that defendant was aware of his personal duty to keep the sidewalks safe for the public and was attempting to evade liability by unjustly hiding behind corporate entities. Plaintiff also contended that the municipal ordinance created a duty of care to plaintiff.

¶ 5. The civil division awarded summary judgment to defendant. It concluded that plaintiff did not bear his burden to show that defendant knew or should have known of a dangerous condition on the sidewalk. The court determined that plaintiff failed to offer any basis to reach defendant's personal assets as sole shareholder of Tanglewood, and that plaintiff did not allege that defendant owned or controlled the sidewalk where plaintiff fell. The court found that the municipal ordinance did not create a duty of care to plaintiff. This appeal followed.

¶ 6. Plaintiff contends that the trial court erred by ignoring his allegations that defendant effectively owns the building abutting the sidewalk and that material facts remain in dispute concerning defendant's business dealings. He argues that these dealings amount to an injustice requiring a judgment order to pierce Tanglewood's corporate veil to reach defendant's personal assets. Plaintiff asserts that defendant has a duty of care to plaintiff to clear the sidewalk by virtue of the municipal ordinance or, in the alternative, that defendant admitted that he had a duty to maintain the sidewalk. Lastly, he argues that the question of whether defendant personally knew or should have known of a dangerous condition on the sidewalk is a triable fact.

¶ 7. We hold that plaintiff has failed to come forward with admissible evidence supporting his contention that defendant's business dealings were unjust to such an extent as to pierce the corporate veil. Accordingly, we do not reach plaintiff's remaining arguments.

3

¶ 8.     We review grants of summary judgment de novo, applying the same standard as the trial court.  Handverger v. City of Winooski, 2011 VT 134, ¶ 7, 191 Vt. 84, 38 A.3d 1158. Summary judgment is appropriate if "the record, including depositions, documents, . . . and other admissible materials . . . show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56.  If the moving party challenges a claim with a properly supported summary-judgment motion, the nonmoving party may not rest on allegations in the pleadings, "but must come forward with admissible evidence to raise a dispute regarding the facts."  Gross v. Turner, 2018 VT 80, ¶ 8, 208 Vt. 112, 195 A.3d 654.

¶ 9.     "A corporation is a legal construct, limited to the powers given it by the sovereignty that creates it, and generally independent of the individuals who own its stock even when it is owned by a sole shareholder."  Agway, Inc. v. Brooks, 173 Vt. 259, 262, 790 A.2d 438, 441 (2001) (citation omitted).  Shareholders are not generally liable for the debts of the corporation.  11A V.S.A. § 6.22(b); see Hardwick-Morrison Co. v. Albertsson, 158 Vt. 145, 149, 605 A.2d 529, 531 (1992).  However, "[t]he court will look beyond the corporation to its shareholders for liability, that is, pierce the corporate veil, where the corporate form has been used to perpetrate a fraud, and also where the needs of justice dictate."  Agway, 173 Vt. at 262, 790 A.2d at 441 (citation omitted). "In cases not involving fraudulent activity, the court will look to the facts and circumstances of each case to determine whether the corporate veil should be pierced in the interests of fairness, equity, and the public need."  Id. at 263, 790 A.2d at 441.

¶ 10.    Plaintiff contends that defendant's deposition testimony shows that defendant does "not observe the respect for the individual corporate integrity one would expect."  He asserts that defendant's deposition statement that the three companies at 81 Central Street "are me, effectively" is sufficient evidence to go to trial on the question of whether defendant's business dealings unjustly shielded him from liability to plaintiff.

4

¶ 11. Plaintiff concedes that he did not allege that defendant is using Tanglewood for fraudulent purposes. Thus, our inquiry is whether the facts and circumstances here require us to look beyond Tanglewood to defendant in the interest of fairness, equity, and the public need. Plaintiff's only allegation to support this proposition appears to be that because defendant solely owns each business at 81 Central Street, and he effectively negotiates with himself for rent payments and other matters, his business and personal interests are impermissibly "intermingled." He explains that this indicates defendant has a lack of regard for the corporate form, and the trial court's reliance on Winey v. Cutler, 165 Vt. 566, 678 A.2d 1261 (1996) (mem.), to conclude otherwise was error.

¶ 12. The trial court cited Winey for the general rule that corporate shareholders are not personally liable for debts of the corporation except in instances where the shareholders are using the corporation to perpetrate a fraud. We agree with plaintiff that Winey stands for the proposition that when a "corporate shell is used merely as a sham" to deprive a plaintiff of a remedy, we will pierce the corporate veil to reach a judgment debtor's personal assets. Id. at 567-58, 678 A.2d at 1263 (collecting cases). However, plaintiff has alleged no fact supported by admissible evidence that defendant was using Tanglewood in this way with respect to plaintiff.

¶ 13. Agway, Inc. v. Brooks is instructive. In Agway, two brothers formed a corporation that owned nothing of value, did not conduct arm's length lease arrangements for business assets, and was created with the intention of isolating personal debt from business and personal assets. Defendants paid corporate account deliveries with personal credit cards and made loans to and from corporate accounts without notes paid with receipts. We held that such facts constituted not only a lack of "corporate formality," but more importantly a purposeful attempt to evade personal contract liability, and that equity demanded piercing the corporate veil to satisfy the judgment creditor. Agway, 173 Vt. at 263-64, 790 A.2d at 442.

5

¶ 14.    Plaintiff has not alleged material facts supported by admissible evidence like those in <u>Agway</u>.  Tanglewood owns 81 Central Street, and so has at least one significant asset.  Plaintiff has not shown that an action against Tanglewood would provide inadequate relief if he prevailed on the merits against the corporation.  Moreover, plaintiff has not come forward with admissible evidence that defendant is improperly intermingling business and personal funds or is purposely running Tanglewood without profit, assets, or capital to shield himself from personal-injury liability.  Plaintiff was required to show significantly more than merely that defendant is the sole owner of companies housed in the same building that may or may not negotiate with one another for rent.  See <u>Jack C. Keir, Inc. v. Robinson & Keir P'ship</u>, 151 Vt. 358, 360, 560 A.2d 957, 958 (1989) (holding mere argument that corporation is controlled by single person, in absence of misrepresentation of corporate status, will not suffice to pierce corporate veil).

¶ 15.    Because defendant cannot be personally liable to plaintiff, we need not and do not reach plaintiff's remaining arguments.

<u>Affirmed</u>.

FOR THE COURT:

_____
Associate Justice

6