Filed 02/15/24

VERMONT SUPERIOR COURT
Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-00045

| Joshua Ravit, et al v. Hall and Riley, LLC |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Amend Complaint  (Motion: 3)
Filer:        William F Grigas
Filed Date:   January 05, 2024

The motion is DENIED.

Plaintiffs seek to amend their complaint to add Nelson Riley and Peter Riley, the individual shareholders of Defendant Hall & Riley, LLC, as Defendants on the theory that Defendants improperly dissolved Hall & Riley, LLC following a failed mediation with the sole purpose of denying Plaintiffs any assets and that Hall & Riley, LLC had no assets at the time of dissolution.

Plaintiff's motion alleges that Defendant Hall & Riley, LLC has been less than forthcoming with its financial records and has not demonstrated how its assets were allocated at the time of dissolution.  Plaintiffs admit that they seek to join the individual defendants to obtain further information and cooperation.

Plaintiff's motion raises a number of issues with the question of owner liability and the responsibility of shareholders to disgorge improperly allocated assets as well as when facts give rise to a claim of piercing the corporate veil.

As a preliminary matter, Plaintiffs are seeking to amend their complaint.  Under Rule 15(a), plaintiffs enjoy broad latitude to amend a complaint, and motions to amend should be liberally and freely granted where justice requires.  *Colby v. Umbrella*, 2008 VT 20, ¶¶ 4–6 (describing the standard governing rule 15 motions as "generous").  Yet, the motion to amend is not automatically granted, and a motion may be denied if there is evidence of (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.  *Prive v. Vermont Asbestos Group*, 2010 VT 2, ¶¶ 12, 13.   There is no evidence that the proposed amendments come with undue delay or bad faith,

and there has been no showing of prejudice against either the present Defendant or the proposed individual Defendants. Instead, the present inquiry falls under the question of whether the amendment is futile. This element states that a motion to amend may be denied if amendments could not survive a motion to dismiss. Id. at ¶¶ 13, 14.

In this case, the allegations are that Plaintiffs purchased a residential property in November of 2020 from Defendant Hall & Riley, LLC. The property, located in Stowe, is alleged to have multiple defects. Defendant agreed to repair some of these defects as part of the builder's warranty, which remains in effect. In December 2021, Plaintiffs discovered a leak in the plumbing within the master bathroom shower. Despite Defendant's repairs, the leak persisted until May of 2022. Defendant's repairs also caused collateral damage to other bathroom fixtures. Plaintiffs also allege defects with the property's heating and cooling systems. These and other defects led Plaintiffs and Defendant to conduct mediation on September 20, 2022. The mediation was unsuccessful. Immediately after the mediation, Nelson and Peter Riley dissolved Hall & Riley, LLC.

Plaintiffs' motion to amend arises from two sources. First, they note that they have sought to obtain financial records from the Rileys for Hall & Riley, LLC's final distributions and dealings around the time of the mediation. They report that they have not received the sought after information, which leads them, in part, to seek to join the Rileys as individual defendants as parties to compel financial production. But non-compliance with discovery does not give rise to a claim to join a shareholder. The general rule, recently affirmed by the Vermont Supreme Court is that "corporate shareholders are not personally liable for debts of a corporation except in instances where the shareholders are using the corporation to perpetuate a fraud." *Doherty v. Town of Woodstock*, 20023 VT 56, ¶ 12 (affirming the general rule from *Winey v. Cutler*, 165 Vt. 566, 567–68 (1996) (mem.)).[1]

This limitation also applies to the second ground alleged in Plaintiffs' motion and complaint, namely that the dissolution of Hally & Riley, LLC immediately after the mediation constituted some type of bad faith or fraud. Under 11 V.S.A. § 4042, the debts of an LLC doe not become the debts, obligations, or liabilities of a member solely by reason of the member acting as a manager, and more generally the debts of the LLC remain the debts of the LLC. 11 V.S.A. § 4042(a)(1), (2). Dissolving

---

[1] While the holding of *Winey* and *Doherty* concern corporations, the same limitation on owner liability applies to members of a limited liability company as well. 11 V.S.A. § 4042.

an LLC is not per se illegal and is, in fact, authorized by statute.  11 V.S.A.§§ 4101–4103.  Plaintiffs do not allege that the LLC was not dissolved for some particular purpose.  Instead, Plaintiffs allege that the LLC was dissolved to avoid liability for the lawsuit.  There is some factual support for this allegation as Defendant sought to dismiss the present action on the vary basis, but as the Court noted earlier, dissolution does not waive or resolve liability, and the LLC continues for the purpose of resolving this issue of liability and winding up its business.  11 V.S.A. § 4102.  Moreover, liability does not attach to a member simply because the LLC does not observe a particular formality in its exercise of power and management.  11 V.S.A. § 4042(b).

Under *Doherty*, there must be some element of fraud to pierce the corporate veil, and fraud must be pled with particularity.  *Standard Packaging Corp. v. Julian Goodrich Architects, Inc.,* 136 Vt. 376, 381 (1978).  This means there must be some allegations that the Rileys took some affirmative act to mislead or conceal certain facts where there was a duty to disclose.  Id.  Dissolving an LLC, without further allegations, does not constitute fraud.  *Cheever v. Albro*, 138 Vt 566, 570 (1980 ("Fraud cannot be presumed, and it must be established by the one alleging it).  This is not to say that fraud did not occur here or that with additional factual information that a claim of fraud sufficient to pierce the corporate veil could be alleged.  Plaintiffs allege two significant time periods when they came to rely upon the representations of the LLC.

The first was a promise and renewed promise to perform warranty repairs to the property.  Hall & Riley, LLC made these promises less than a year before it dissolved, Plaintiff is entitled to understand the financial situation of Hall & Riley, LLC at that time and whether there were reasonable assets and whether the LLC was sufficient going concern, such that it had the capacity to fulfill its promises.  The second was the period following when the defects and issues became apparent and when Hall & Riley, LLC engaged in mediation and then immediately dissolved.  Plaintiffs are entitled to understand the basis for this decision, what the owners knew prior to the mediation and shortly thereafter as well as the financial records of Hall & Riley, LLC during this time.  This information may illustrate that the decisions involving the LLC were legitimate responses to business and circumstances, but they may also illustrate a fraudulent purpose.  Plaintiffs are entitled to pursue this information, but without such additional information the motion to amend cannot survive basic scrutiny, even under Rule 15's generous standard as it lacks the necessary factual foundation to illustrate why the corporate actions were fraudulent or informed by a fraudulent purpose to the detriment of Plaintiffs.

## <u>ORDER</u>

Based on the foregoing, the Court finds that the present amended complaint lacks sufficient factual pleading and allegations necessary to raise a claim of fraud as a matter of law that would permit the complaint to survive a motion to dismiss. This renders the proposed amendment futile and insufficient under V.R.C.P. 15(a). The motion to amend is **Denied.**

Electronically signed on 2/15/2024 11:09 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge