Filed 02/14/25

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-02463

> **Jacoby Donner, P.C. v. Aristone Realty Capital, LLC et al**

## ENTRY REGARDING MOTION

Title:      Motion for Summary Judgment (Motion: 2)
Filer:      William F Grigas
Filed Date: November 27, 2024

In this case, plaintiff Jacoby Donner, P.C., seeks to foreclose a judgment lien on property in Stowe in which the related group of defendants have an interest. Plaintiff has moved for summary judgment. Defendants oppose the motion. For the reasons set forth below, the motion is denied.

### Background

The relevant facts of this dispute are largely undisputed. *See* Pl.'s Statement of Undisputed Material Facts (SUMF); Defs.' Response ¶¶ 2-34, 37-43.

Defendant Patrick McGrath is the principal manager of the three corporate defendants: Aristone Realty Capital, LLC (Aristone); Castlestone Mansfield Inn, LLC (Castlestone); and Mansfield Loan Acquisition, LLC (Mansfield). Castlestone is the record owner of a property located 1007 Mountain Road in Stowe (the Mountain Road property). Mansfield holds the mortgages on the Mountain Road property and was created solely for the purpose of acquiring those mortgages. Aristone is the majority owner of both Castlestone and Mansfield. Aristone's only current asset is its interest in Castlestone. Castlestone's current business status is "terminated" according the Vermont Secretary of State's website.

Plaintiff is, or was, a law firm in Philadelphia that did legal work for Aristone. Following a fee dispute, plaintiff and Aristone stipulated to a consent judgment in the U.S. District Court for the Eastern District of Pennsylvania on June 22, 2021. The consent judgment was for $750,000 in plaintiff's favor, with 6% per annum interest running from Mach 23, 2021. Mr. McGrath signed the judgment on Aristone's behalf. *See* SUMF, Exh. 3.

Plaintiff thereafter sued Aristone to enforce the judgment in the U.S. District Court for the Southern District of New York. In a May 9, 2022 order, the district court granted

plaintiff's motion to charge Aristone's interest in both Castlestone and Mansfield with payment of the unsatisfied amount of the consent judgment along with post-judgment interest. The order provided that "[a]ny distributions, return of contributions, or outstanding obligations to which [Aristone] is entitled via its membership interest in" either Castlestone or Mansfield "including but not limited to proceeds from the repayment of any loan relating to [the Mountain Road property] shall be paid directly to" plaintiff. SUMF, Exh. 2, ¶¶ 4-5 (the charging order).

In a prior action, this court issued an order on August 31, 2023 domesticating the consent judgment and domestication order pursuant to the Full Faith and Credit Clause of the U.S. Constitution. *See* SUMF, Exh. 6 (the domestication order). Plaintiff thereafter recorded the consent judgment, charging order, and domestication order in the Town of Stowe land records as a judgment lien against the Mountain Road property. Aristone has not satisfied the judgment lien within 30 days of its recording (nor has any other defendant).

There were originally two mortgages taken out by Castlestone on the Mountain Road property for a total of approximately $2.8 million. Both mortgages were thereafter assigned to Grey Birch Associates, LP (Grey Birch), which thereafter assigned the mortgages to Mansfield in 2011. Before the latter assignment, Grey Birch had filed an action against Castlestone to foreclose on its mortgages. After the assignment, Mansfield was substituted as the foreclosure plaintiff and stipulated to dismissal of the action.

## Analysis

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hier v. Slate Valley Unified Sch. Dist.*, 2025 VT 2, ¶ 8 (quoting V.R.C.P. 56(a)).

Here, plaintiff seeks summary judgment and requests a foreclosure decree that orders judicial sale of the Mountain Road property, shortens the redemption period from six months to thirty days, and directs that plaintiff's judgment lien have priority over Mansfield's unsatisfied mortgage.

There is no dispute that Aristone is indebted to plaintiff in accordance with the consent judgment, and that Aristone has not made any payments toward that debt—either before or since the judgment lien was recorded against the Mountain Road property. Accordingly, if Aristone—the judgment debtor—was the owner of the Mountain Road property, plaintiff would be entitled to foreclose on its judgment lien and seek judicial sale the property. *See* 12 V.S.A. § 2903(d); V.R.C.P. 80.1(l).

Moreover, under the charging order, plaintiff has the right to receive any payments or distributions made to Aristone on account of its interest in Castlestone and Mansfield until the consent judgment is satisfied. Because no distributions or payments have been

made, plaintiff presumably could seek to foreclose on Aristone's distributional interests in the other two entities and force the sale of those interests to satisfy the consent judgment. *See* 11 V.S.A. § 4074(c)(1).

But that is not the relief that plaintiff seeks. Plaintiff seeks to satisfy its judgment lien through sale of the Mountain Road property, which is owned not by Aristone but by Castlestone. Plaintiff has presented no relevant legal authority to support the position that a judgment creditor can force the sale of a third party's property so that the judgment debtor will receive a distribution, which then must be paid to the judgment creditor pursuant to a charging order.

Instead, plaintiff argues that the court should pierce the corporate veil between Aristone, Castlestone, and Mansfield, and effectively consider them all to be alter-egos of each other and of Mr. McGrath. If the corporate veil is pierced, then the Mountain Road property could be considered owned by the debtor on the judgment lien and a judicial sale would be an appropriate remedy to foreclose on that lien.

The court may "pierce the corporate veil, where the corporate form has been used to perpetrate a fraud, and also where the needs of justice dictate." *Doherty v. Town of Woodstock*, 2023 VT 56, ¶ 9 (quotation omitted). "In cases not involving fraudulent activity, the court will look to the facts and circumstances of each case to determine whether the corporate veil should be pierced in the interests of fairness, equity, and the public need." *Id.* Relevant considerations include:

> (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of business discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arm[']s length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities.

*Concepts NREC, LLC v. Qiu*, 662 F. Supp. 3d 496, 511 (D. Vt.) (quotation omitted), *objections overruled*, 698 F. Supp. 3d 698 (D. Vt. 2023).

Plaintiff argues that the corporate veil should be pierced in the interests of justice. The undisputed facts show overlapping control of the various entities by Mr. McGrath and some common addresses—Mr. McGrath's personal address and the Mountain Road address—being used. Aristone is the majority owner of both Castlestone, the owner and mortgagor of the Mountain Road property, and Mansfield, the mortgagee of the property. Aristone's only asset is Castlestone and Mansfield's only corporate purpose is to hold the

mortgages for the Mountain Road property.[1] These are relevant facts that could support piercing the corporate veil. Nonetheless, the summary judgment record is largely bereft of any evidence about how the various entities are operated, whether corporate formalities have been observed, and whether funds or other property have been intermingled. And although plaintiff claims that "Mansfield's purported mortgage claim is an artificially created encumbrance designed to evade the judgment," Pl.'s Reply Mem. 3, the summary judgment record shows that Mansfield was assigned the Mountain Road mortgages in 2011—a decade before the consent judgment was issued.

On this record, the court cannot conclude that plaintiff has established all the material facts that would entitle it pierce the corporate veil between the defendants. Accordingly, plaintiff is not entitled to summary judgment.

## Order

The motion for summary judgment is DENIED.

Electronically signed on: 2/13/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge

---

[1] It also appears that Castlestone's registration as a Vermont LLC has been terminated, but the court is unable to place much weight on that fact given the ease with which an administrative termination can both occur and be undone under Vermont law. *See generally* 11 V.S.A. § 4034.