Filed 02/10/26

VERMONT SUPERIOR COURT

Windham Unit

7 Court Street

Newfane VT 05345

802-365-7979

www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-01112

| Giovanni Vecchiarino v. Margit Ridgway, et al |
| --- |

## Ruling on Defendant Puretz's Motion for Summary Judgment (Motion # 18)

In this personal injury action, Plaintiff Giovanni Vecchiarino alleges that he was injured when Defendant Seton King hit a golf ball in an indoor golf simulator room, and the golf ball ricocheted and struck Plaintiff. The complaint names Defendant Snow Mansions LLC ("Snow"), which rented the premises where the alleged incident took place, and Defendant Avrohom Shmuel Puretz, who manages Snow. Puretz moves for summary judgment. For the reasons discussed below, Puretz's motion for summary judgment is granted.

### Procedural Standard

Summary judgment is appropriate if the evidence in the record, referred to in the statements required by V.R.C.P. 56(c), shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. V.R.C.P. 56(a); *Gallipo v. City of Rutland,* 163 Vt. 83, 86 (1994). The Court derives the undisputed facts from the parties' statements of fact submitted under V.R.C.P. 56(c) and any supporting documents and affidavits. *Boulton v. CLD Consulting Engineers, Inc.,* 2003 VT 72, ¶ 29, 175 Vt. 413, 427. "Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case." *Caldwell v. Champlain Coll. Inc.,* 2025 VT 17, ¶ 7 (quotation omitted). "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue," and courts "give the nonmoving party the benefit of all reasonable doubts and inferences." *Id.* (quotations omitted). Summary judgment is "mandated," however, "where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party has the burden of proof at trial." *Id.* (quotation omitted).

### Facts

The following facts are undisputed unless otherwise noted. Snow Mansions LLC ("Snow") is an active Vermont limited liability company ("LLC"). Puretz is a member of Snow. At the time of the incident that underlies the Complaint in this action, Snow

leased 2 Margit Roadway, Dover, Vermont, from Defendant Margit Ridgway.[1] Snow rented the premises to the Alpha Tau Omega Gamma Sigma Chapter on or about December 20, 2021. Puretz sent email communications on behalf of Snow to the fraternity with an email address sarahpbookings@snowmansion.com.

Snow does not hold monthly meetings and does not have a secretary, treasurer, president, or corporate book, but it does pay its yearly fees as a Vermont LLC. Snow asserts that it has a corporate bank account, and EIN, and a corporate accountant. Although Snow's lease from Ridgway required Snow to purchase liability insurance for the premises, Puretz admits that he did not purchase the insurance, and he did not notify Ridgway that he did not purchase insurance. At deposition, Puretz's counsel instructed Puretz not to answer questions about Snow's assets.

Puretz was involved in renting out properties for approximately 15 years prior to the underlying incident in this action. Sorah Puretz, Puretz's wife, is also a member of Snow. Puretz formed Snow to negotiate with Ridgway, but asserts that he later used an attorney for negotiations. Snow is run out of Puretz's in-law's home. It is disputed whether Puretz kept a ledger or other records for Snow's transactions. Puretz is a partner in PS Dover Properties. He asserts that another organization, YC Dover, purchased the subject property from Ridgway, subject to Snow's lease, as recorded on August 19, 2024. According to Puretz, YC Dover recorded a mortgage in favor of Rosemont Properties LLC on the property on November 6, 2024, and the mortgage was discharged on March 7, 2025. Plaintiff asserts with no reference to evidence in the record, that Yosef Rothenberg of YC Dover is a friend of Puretz.

Discussion

Puretz moves for summary judgment because he was not the lessor of premises and did not owe a duty of care to Plaintiff, and there is no evidence that would support piercing the corporate veil of Snow. "Common law negligence has four elements: a legal duty owed by defendant to plaintiff, a breach of that duty, actual injury to the plaintiff, and a causal link between the breach and the injury." *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 6, 197 Vt. 176 (quoting *Zukatis v. Perry,* 165 Vt. 298, 301 (1996). "The existence of a duty 'is primarily a question of law.'" *Id.* (quoting *Endres v. Endres,* 2008 VT 124, ¶ 11, 185 Vt. 63). "Absent a duty of care, an action for negligence fails." *Deveneau v. Wielt*, 2016 VT 21, ¶ 8, 201 Vt. 396.

"The landowner owes a duty of reasonable care to an invitee, such that the invitee 'is not unnecessarily or unreasonably exposed to danger.'" *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 11 (quoting *Ball v. Melsur Corp.*, 161 Vt. 35, 43 (1993)) (overruled by *Demag* as to the distinction between invitees and licensees). The longstanding rule is that "[a] tenant having entire control of the premises is, so far as

---

[1] Puretz includes the lease as Exhibit E. The lease provides that Snow will use the premises for long and short term residential rental property, camps, or other gatherings. Ex. E, § 6.1. Snow was responsible for all utilities, maintenance, taxes, insurance, and repairs, and had Ridgway's consent to alter, remodel, or improve the property. *Id.*, § 7.

third persons are concerned, deemed the owner." *Fleurrey v. Dep't of Aging & Indep. Living*, 2023 VT 11, ¶ 16, 217 Vt. 527 (quoting *Beaulac v. Robie*, 92 Vt. 27, 32 (1917)). It is undisputed that Snow rented the premises from Ridgway, and under the terms of the lease, had full control of the property, including maintenance and the right to operate it as a rental property without further responsibility to Ridgway. The fraternity, in turn, had a short-term rental from Snow, which owed a duty of care toward the fraternity and its members who were present at the premises at the time of the incident. Puretz acted on behalf of Snow in dealing with the property and the rental to the fraternity.

Under Vermont's law pertaining to limited liability companies,

> (a) The debts, obligations, or other liabilities of a limited liability company, whether arising in contract, tort, or otherwise:
>> (1) are solely the debts, obligations, or other liabilities of the company; and
>> (2) do not become the debts, obligations, or other liabilities of a member or manager solely by reason of the member acting as a member or the manager acting as a manager.
> (b) The failure of a limited liability company to observe any particular formalities relating to the exercise of its power or management of its activities is not a ground for imposing liability on a member or manager for the debts, obligations, or other liabilities of the company.

11 V.S.A. § 4042. Under certain circumstances, "[t]he court will look beyond the corporation to its shareholders for liability, that is, pierce the corporate veil, where the corporate form has been used to perpetrate a fraud, and also where the needs of justice dictate." *Doherty v. Town of Woodstock*, 2023 VT 56, ¶ 9, 218 Vt. 474 (quoting *Agway, Inc. v. Brooks*, 173 Vt. 259, 262 (2001) (citation omitted)). "The doctrine of piercing the corporate veil, however, is the rare exception, applied in the case of fraud or certain other exceptional circumstances . . .and usually determined on a case-by-case basis." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) (internal citations omitted).

Plaintiff's opposition to summary judgment first focuses on a theory that Puretz used Snow to perpetrate fraud, either through his wife's involvement in the company, his use of the sarahpbookings@snowmansion.com email address, and the transactions regarding the property. According to Plaintiff, Sorah Puretz is a 50% member of Snow, yet has little or no knowledge of the business. Neither this, nor any of the other allegations Plaintiff brings about Sorah Puretz's hands-off role in Snow, creates a dispute of fact that Puretz used Snow to perpetrate fraud.

The theory about the email address similarly does not provide a basis to infer fraud. Puretz admitted that he used the address. Even drawing the inference that he intended the fraternity to believe that there was an employee named "Sarah P." who handled the booking by email, despite the nonexistence of that employee, it is far too

3

great of a stretch to infer that Puretz did so to perpetrate fraud. The fraternity booked the house and then used it for its intended purpose. If it was deceptive to appear to have an employee handle the booking, when it was in fact a member using the email address, then what was the fraudulent outcome?

Finally, Plaintiff alleges that 14 days after he filed a motion for a Writ of Attachment against the property (owned by Ridgway), a company called YC Dover, purportedly owned by Yosef Rothenberg, purchased the property from Ridgway. His Statement of Undisputed Facts provides no reference to admissible evidence in the record in support of this proposition, but even if it did, it is difficult to discern how this would present a viable theory that Puretz used Snow to perpetrate fraud. Plaintiff has not moved to amend his complaint to name YC Dover or Rothenberg as defendants or to claim that Ridgway fraudulently conveyed the property to YC Dover. See 9 V.S.A. § 2281 et seq.

Fraud is not the only way to show that the Court should pierce the corporate veil. Plaintiff also argues that the Court should pierce the corporate veil of Snow to prevent manifest injustice because Snow is merely a "sham corporation" designed to avoid Puretz's personal liability. Plaintiff's Opposition Motion to Defendant Puretz's Motion for Summary Judgment with Request for Hearing at 10. "In cases not involving fraudulent activity, the court will look to the facts and circumstances of each case to determine whether the corporate veil should be pierced in the interests of fairness, equity, and the public need." *Doherty*, 2023 VT 56, ¶ 9 (quoting *Agway, Inc.*, 173 Vt. at 263). "Courts generally list as reasons for piercing the corporate veil the following: using the corporation to perpetrate a fraud; the personal use of corporate funds; the failure to observe corporate formalities; and undercapitalization." *In re Vermont Toy Works, Inc.*, 135 B.R. 762, 770 (D. Vt. 1991).

Here, Snow admittedly did not observe several formalities associated with operating an LLC. "While it is doubtful that the court would have equitable cause to pierce the corporate veil merely because a closely held corporation did not follow corporate formalities, '[e]quity ... will not blindly accept mere corporate form over the actual substance of the transactions involved.' " *Agway, Inc.*, 173 Vt. at 263–64 (quoting *In re Vt. Toy Works, Inc.*, 82 B.R. 258, 305 (D.Vt.1987) (citation omitted) (rev'd on ground of insufficient evidence by 135 B.R. at 773)); see also 11 V.S.A. § 4042(b). In *Agway*, *Inc.*, "there was substantial evidence of not only a lack of corporate formality, but more significantly, of the fact that" the subject business "was a mere corporate strawman" the individual defendants' personal businesses, "without assets, capital, or purpose beyond evading contract liability." *Id.* There are no genuinely disputed facts here that would support such a conclusion.

Snow also did not take out liability insurance for the premises as its contract with Ridgway required. However, Plaintiff does not bring sufficient assertions supported by reference to admissible evidence to show that Puretz comingled his personal assets with those of the LLC, or that the LLC has insufficient assets. As a result, even making all inferences in favor of Plaintiff, there is no genuine dispute of material fact that Snow is

4

an alter ego for Puretz or so underinsured and undercapitalized that veil piercing would be warranted.

At Puretz's deposition, Plaintiff asked Puretz whether there were other assets of Snow Mansions beyond 2, 3, and 6 Margit Ridgway Road. Exh. 2 at 71:25–72:1–2. Puretz's counsel stated that "the question is directed to any kind of post-judgment effort to collect on a judgment ... so it's not relevant to any claim in the case," and "direct[ed] the witness not to answer the question." *Id*. at 72:7–11. Accordingly, Puretz did not answer the question, and Plaintiff's counsel stated that he would "make a request for all the assets of Snow Mansions," "follow that up in writing," and "keep the deposition open to follow up, because there is no insurance in this case." Id. at 73:8–12.

Plaintiff complains that this conduct during discovery prevented him from obtaining the evidence that he needs to show Snow's financial situation. Indeed, Puretz's counsel instructed Puretz not to answer, and the reason for doing so, relevance, did not conform with the applicable rule. See V.R.C.P. 30 ("A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3)," which relates to orders limiting the scope of the deposition.). Notwithstanding this resistance to producing testimony about LLC assets, the absence of which could arguably support corporate veil piercing, Plaintiff did not seek an order or relief from a superior judge under V.R.C.P. 30(b)(3) or 30(d)(2), nor is the Court aware of any follow-up in which Plaintiff sought the answer to his question about Snow's assets. He has not explained why he did not otherwise obtain the necessary evidence in discovery, nor has he made a request to gather the evidence he requires. See V.R.C.P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations, or to take discovery; or (3) issue any other appropriate order.").

The lack of formality and liability insurance for the premises under the terms of the lease, without more, are not sufficient to raise a dispute of fact that Puretz used Snow merely as an alter ego or that Snow was undercapitalized. With no facts that would support Puretz's duty of care as an individual defendant to Plaintiff's claims, Plaintiff does not make sufficient assertions backed by admissible evidence to show that, making inferences in his favor, there is a dispute of fact that Puretz used Snow fraudulently or in any other way that would support piercing the corporate veil.

5

## Order

For the reasons discussed above, Defendant Puretz's motion for summary judgment is granted.

Electronically signed: 2/9/2026 1:12:16 PM pursuant to V.R.E.F. 9(d)

_____
John R. Treadwell
Superior Court Judge